D. C. STOUT v. TERRITORY.

No. 2183, Okla. T. Opinion Filed July 24, 1909.

(103 Pac. 375.)

1. INDICTMENT AND INFORMATION—Sufficiency—Statutory Offense. Where the statute provides that any one of a certain class of persons, who shall do a certain act under certain circumstances, shall be guilty of a crime. the indictment or information must describe the person accused as one of that class, and aver that he did the act under the circumstances which made it a crime, as this fact is an essential element of the crime.

2. SAME. Where the statute (Wilson's Rev. & Ann. St. 1903, sec. 5358), creates and defines an offense, an indictment or information which does not allege all the essential elements constituting such offense is insufficient.

3. INTOXICATING LIQUORS—Sale on Sunday—Indictment—Sufficiency. Where an indictment charging a violation of section 2616, Wilson's Rev. & Ann. St. 1903, which provides: "Every innkeeper, or person licensed to sell liquors, who sells or gives away any strong or spirituous liquor, or wine, upon Sunday, is guilty of a misdemeanor"—fails to allege that the defendant was an innkeeper or a person licensed to sell liquors, held that said

indictment fails to state facts sufficient to constitute an offense under said section.

(Syllabus by the Court.)

*Appeal from District Court, Oklahoma County; B. F. Burwell, Judge.*

D. C. Stout was convicted of a violation of Wilson's Rev. & Ann. St. 1903, § 2616, making an innkeeper, or person licensed to sell intoxicating liquor, who shall sell on Sunday, guilty of a misdemeanor, and he appealed to the Supreme Court of Oklahoma Territory, whence the cause was transferred to the Supreme Court of the state of Oklahoma, and from thence to the Criminal Court of Appeals. Reversed and remanded, with directions.

This conviction was had upon an indictment returned at the April, 1907, term of the district court of the Third judicial district of the territory of Oklahoma, held in and for Oklahoma county. The charging part of which indictment reads as follows:

"Do present and find that in said county of Oklahoma, in said territory of Oklahoma, on the 7th day of April, in the year of our Lord one thousand nine hundred and seven, the said defendant, D. C. Stout, did unlawfully and wrongfully sell malt, spirituous, and vinous liquors on the first day of the week, commonly called Sunday, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the territory of Oklahoma."

To which indictment defendant filed his demurrer, and for grounds thereof alleges:

"(1) That the indictment does not substantially conform to the requirements of the criminal procedure act of the territory of Oklahoma; (2) that more than one offense is charged in the indictment; (3) that the facts stated do not constitute a public offense."

Which demurrer was by the court overruled and exception allowed.

Upon the trial on April 24, 1907, the jury returned a verdict finding the defendant guilty as charged. A motion for a new trial and motion in arrest of judgment having been filed, the

same were on the 25th day of April, 1907, by the court overruled, and exceptions allowed. Whereupon the court pronounced judgment, and sentenced defendant to pay a fine of $150. Defendant gave notice of an appeal to the Supreme Court of Oklahoma Territory. On August 23, 1907, his petition in error and case-made was filed with the clerk of said court. Upon the organization of the state of Oklahoma, under the provisions of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267), and the state Constitution, said cause was transferred to the Supreme Court of the state. Upon the organization of the Criminal Court of Appeals the Supreme Court, as provided by law, transferred the cause to this court. At the May, 1909, term said cause was submitted.

*Ledru Guthrie,* for appellant.

*Charles West,* Atty. Gen., and *E. G. Spilman,* Asst. Atty. Gen., for the Territory.

DOYLE, JUDGE. (after stating the facts as above). This was a criminal prosecution under the liquor license law of Oklahoma Territory.

The first proposition contended for is that "the court erred in overruling defendant's demurrer to the indictment." Counsel for appellant predicate this proposition upon the assumption that the offense charged was a violation of section 3410, Wilson's Rev. & Ann. St. 1903, which reads as follows: "Every person who shall sell or give away any malt, spirituous, and vinous liquors on the day of any special or general election or at any time during the first day of the week, commonly called Sunday, or who shall keep an open saloon after midnight, or open same before five o'clock in the morning shall forfeit and pay for every such offense the sum of one hundred dollars"—and contends that the aforesaid section provides for a forfeiture only, but does not make the offense charged a misdemeanor. Counsel for the state in their brief argue that: "It is not denied that the section of the statute quoted contemplates a forfeiture of money in case the things

inhibited by the law are done, and that this means that the person who sells liquors as prohibited subject themselves to suit on their bond and the payment of money. But it is also true that the indictment in this case charges the unlawful and wrongful selling of 'malt, spirituous, and vinous liquors.' This language is broad enough to cover the offense, and bring it within the meaning of section 2616, Wilson's Statutes," which reads as follows: "Every innkeeper, or person licensed to sell liquors, who sells or gives away any strong or spirituous liquor, or wine, upon Sunday, is guilty of a misdemeanor." Counsel for the state conclude as follows:

"The record fails to substantiate this conclusion, and it would appear otherwise from the fact that the court, in imposing sentence and rendering judgment, did not fix the fine at $100, as provided by section 3410, cited, but did impose a fine of $150, which would conclusively lead to the presumption that the fine was assessed under section 2616, rather than section 3410, and that defendant was tried and convicted under section 2616, *supra*."

. We believe that this indictment was intended to charge an offense under section 2616, Wilson's Statutes. This section only applies to innkeepers, or persons licensed to sell intoxicating liquors. It was intended to reach the case of a licensed liquor dealer, who, under the provisions of the act to regulate the traffic in intoxicating liquors, should violate the conditions of his license as expressed in the foregoing section. The indictment does not aver that the defendant was an innkeeper or a person licensed to sell liquor. In a prosecution under said section this became a necessary and essential allegation. The record shows that proof was offered, tending to show that defendant was a licensed liquor dealer at the time alleged. For this reason we are of opinion that the indictment lacks the certainty required in criminal pleading, and is therefore insufficient.

"It is undisputed law that, when a statute enacts that any one of a certain class of persons, who shall do or omit a certain act under certain circumstances, shall be guilty of a crime, the indictment must describe the person indicted as one of that class,

and .aver that he did or omitted the act under the circumstances which made it a crime. Every one of these things is an essential constituent of the crime." (*State v. Sloan*, 67 N. C. 357.)

See, also, *Tilsworth v. State, ante,* p. 268, 101 Pac. 388.

The defendant's demurrer should have been sustained. It is evident that the indictment is not direct and certain as regards the offense charged, and the particular circumstances of the offense charged that are necessary to constitute a complete offense under said section. Section 5358, Wilson's Statutes provides:

"The indictment must be direct and certain as it regards: First, the party charged; second, the offense charged; third, the particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

It is a well-settled principle of criminal pleading that, where a statute creates and defines an offense, an indictment or information which does not allege all the essential elements constituting such offense is insufficient.

With this view of the case, it is not necessary to pass upon the assignment of error in relation to the instructions given.

The judgment of the district court is therefore reversed, and the case remanded, with directions to sustain the demurrer to the indictment.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.