WATKINSON et al. v. ADAMS et al.

No. 28112.   Oct. 31, 1939.

Rehearing Denied June 18, 1940.

*103 P. 2d 498.*

Charles L. Yancey, G. C. Spillers, Kavanaugh Bush, and E. M. Calkin, all of Tulsa, for plaintiffs in error.

Charles A. Coakley, R. B. McDermott, and Thomas C. Smith, all of Tulsa, for defendants in error.

OSBORN, J.   This is an appeal by Rex Watkinson and G. Ed Warren, co-receivers of the Exchange National Company, a corporation, and Matie Center and M. Marguerite Day, creditors of said corporation, plaintiffs in the trial court, from a judgment of the district court of Tulsa county, Okla., sustaining the separate demurrer of the defendants Kate Chestnut, Margaret Genevieve Smith, and Alice Carmelita Quinlan to the amended petition of the plaintiffs in error and dismissing said amended petition when plaintiffs in error elected to stand thereon. This is an action to recover from the directors of said corporation or their executors or the distributees of their estates, if deceased, the

sum of $60,000 alleged to have been paid out as a dividend in violation of the provisions of section 9763, O. S. 1931, 18 Okla Stat. Ann. § 106. The defendants herein are the distributees of the estate of Thomas Chestnut, who was a member of the board of directors of said corporation at the time the alleged illegal dividend was declared and paid.

The substance of plaintiffs' amended petition is that Thomas Chestnut was a director of the Exchange National Company from the date of its organization until his death in August, 1931; that the estate of said Thomas Chestnut was probated in the county court of Tulsa county, and distributed in September, 1932, to the defendants herein; that the assets of said estate so distributed in equal shares to the defendants aggregated approximately $2,000,000; that on November 26, 1929, a "Call and Waiver of Notice of Special Meeting of the Board of Directors of the Exchange National Company" was served upon each member of the board of directors of said company, including the deceased, Thomas Chestnut, stating one of the purposes of the meeting was to declare a dividend of $60,000; that pursuant to said notice a meeting of the directors was held, but that Thomas Chestnut was not present; that said dividend was declared and paid in violation of section 9763, O. S. 1931, 18 Okla. Stat. Ann. § 106, since there were no surplus profits out of which to pay said dividend; that the dividend was paid out of the capital stock of said corporation in violation of section 9763, supra; that the directors who were not present at the meeting of the board declaring the dividend had full and complete knowledge of the purpose of the meeting and that at a subsequent meeting of the board they were advised that the dividend had been declared and paid; that by accepting payment of the dividend and making no objections thereto at subsequent meetings the absent directors ratified and approved the action of the other directors in so declaring and paying said dividend; that the Exchange National Company was dissolved by order of the district court of Tulsa county in August, 1935.

It is necessary that we first determine whether, under the allegations of the amended petition herein, a cause of action was stated which could have been enforced against the deceased director, Thomas Chestnut, during his lifetime. The plaintiffs predicate their cause of action upon section 9763, O. S. 1931, 18 Okla. Stat. Ann. § 106, which provides:

"The directors of corporations must not make dividends except from the surplus profit arising from the business thereof, nor must they divide, withdraw, or pay to the stockholders, or any of them, any part of the capital stock; nor must they create debts beyond their subscribed capital stock, or reduce or increase their capital stock except as specially provided by law. For a violation of the provisions of this section, the directors under whose administration the same may have happened (except those who may have caused their dissent therefrom to be entered at large on the minutes of the directors at the time, or were not present when the same did happen), are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution, to the full amount of the capital stock so divided, withdrawn, paid out, or reduced, or debt contracted; and no statute of limitations is a bar to any suit against such directors for any sums for which they are made liable by this section. * * *"

The portion of the statute for our consideration is that which makes certain directors liable when dividends are made in violation of said statute. Under the provisions of the above statute all directors during whose administration such a dividend, as alleged in the petition herein, is made are jointly and severally liable to the corporation and its creditors for the full amount of the capital stock of the corporation so paid out as a dividend, except the directors who caused their dissent to be entered upon the minutes of the meeting at the time or who were not present at the meeting declaring such a dividend.

The plaintiffs herein do not allege that the deceased, Thomas Chestnut, was present at the meeting declaring the dividend, but seek to bring themselves within the provisions of the statute by alleging that, since he knew the purpose for which the meeting was called and then subsequently accepted a portion of the illegal dividend declared at that meeting without objecting, he thus ratified the action of the other directors in declaring and paying the dividend.

The plaintiffs herein contend that section 9763, supra, is a remedial statute to be liberally construed and that under such a construction the allegations of ratification are sufficient to charge the director herein, Thomas Chestnut, with liability thereunder notwithstanding the fact that he was not present at the particular meeting of the directors when the illegal dividend was made.

Section 9763, supra, was adopted by this state from the statutes of Oklahoma Territory. Stevirmac Oil & Gas Co. v. Smith, 259 Fed. 650. Prior to the adoption of the statute by the Legislature of this state, the Supreme Court of the Territory of Oklahoma had held in Rogers v. Bonnett, 2 Okla. 553, 37 P. 1078, that this statute was penal in nature, at least, as to the directors and to be strictly construed. In Stevirmac Oil & Gas Co. v. Smith, supra, Judge Williams, in construing this statute, pointed out that a statute of Oklahoma Territory continued in force by the state Constitution and afterward carried into the statutes of the state in their revision by the Legislature carries with it the construction placed on it by the Supreme Court of the territory. The view expressed in Rogers v. Bonnett, supra, that this statute is penal in nature as to the directors is more fully treated in Credit Men's Adjustment Co. v. Vickery (Colo.) 161 P. 297, wherein the Colorado court, in considering a statute of this nature, said:

"In some respects the statute is penal, while in others it is remedial in character; penal in its nature as to the directors for the purpose of determining their liability, and to be strictly construed. When the liability is clearly shown, it is remedial in character as to creditors and to be liberally construed in its enforcement."

This court, in Colcord v. Granzow, 137 Okla. 194, 278 P. 654, 64 A.L.R. 699, relied upon the above decision in holding that the assignee of a creditor could enforce the liability created by said section 9763, supra, since it was remedial as to the creditors. But, contrary to the contention of the plaintiffs herein, the above case did not determine whether the statute was penal or remedial as to the directors. The cause of action therein was predicated upon section 9763, supra, it is true, but a different factual situation was involved. In the opinion therein it is pointed out that all of the defendant directors had been present at the meetings when the excessive indebtedness was created and none of the directors entered a dissent to the creation of the debt. The question regarding the liability of an absent director was not involved nor considered by the court.

Since, therefore, the statute herein is penal in nature as to the directors, it is to be construed accordingly. The general principles of construction are set forth as follows in 25 R.C.L. sec. 301, p. 1081:

"It has long been the well-settled general rule that penal statutes are subject to the rule of strict construction. They will not be construed to include anything beyond their letter even though within their spirit, and nothing can be added to them by inference or intendment."

In accordance with the accepted principle of construction applicable to statutes penal in character, the plain meaning of the statute herein, section 9763, supra, is that directors who were present at the meeting of the board of directors at which the illegal dividend was made and failed to cause their dissent to be entered on the minutes of the meeting at the time are jointly and severally liable in their private capacity

for the full amount of the capital stock of the corporation so paid out as a dividend. The statute as conclusively excludes from liability the absent directors as it creates liability on the part of those who were present at the particular meeting and did not enter their dissent. The Legislature has exempted the absent director and it is not for this court, by judicial interpretation, to impose limitations upon the express exemptions of such a penal statute. It is clear, therefore, that the deceased director, Thomas Chestnut, was not liable during his lifetime under the allegations of the petition herein, and since no cause of action was alleged against Thomas Chestnut, if he were living, it follows that the petition does not state a cause of action against the distributees of his estate, defendants herein.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, HURST, DAVISON, and DANNER, JJ., concur. GIBSON, J., absent.

---

Supplemental Opinion on Rehearing.

DAVISON, J. On rehearing it is urged that our opinion and decision in this cause is in conflict with our decision in Kramer, Rec., v. Eysenbach, Adm'x (decided Oct. 17, 1939) 186 Okla. 234, 96 P. 2d 1049.

The asserted conflict arises out of our reference to the remedial characteristics of section 9763, O. S. 1931, in that case and our allusion in the case at bar to its penal aspect.

The classification of the statute as to whether it is remedial or penal or possesses aspects both remedial and penal is attributed importance only as a guide in determining whether it should be liberally or strictly construed.

When a statute has been definitely classified as penal or remedial or determined to contain both penal and remedial features, it does not necessarily follow that an arbitrary guide has been established by which all cases said to fall under the statute can be decided with mathematical certainty. In fact both the rule requiring a liberal construction of remedial statutes and that authorizing strict construction of penal statutes are subordinate to the general principle that all statutes should be construed and applied in such a manner as to accomplish the legislative intent.

It is said in 25 R.C.L. 1078, in treating the rule of liberal construction of remedial statutes, that:

"* * * Courts cannot extend a statute to meet cases not within its scope, however meritorious they may be. * * *"

And the same work, in dealing with the construction of penal statutes, points out (25 R.C.L. 1084) that:

"The rule of strict construction of a penal law is subordinate to the rule of reasonable, sensible construction, having in view effectuation of the legislative purpose, and is not to be so unreasonably applied as to defeat the true intent and meaning of the enactment. * * *"

In the case at bar liability under the statute is sought to be imposed on a director for an action taken by the board of directors in his absence, a character of case specifically excluded from the operation of the statute by its own provisions. Imposition of liability in such case would not only "extend the statute to meet cases not within its scope," but would force the language of the act beyond and in contravention of its own terms. This is a construction which could scarcely be justified even should we depart from our announced view that the statute with respect to the liability, as distinguished from the enforcement of the liability, partakes of the nature and requires the construction of a penal statute.

As pointed out in the majority opinion (where we quoted with approval from the Colorado court, Credit Men's Adjustment Co. v. Vickery et al., 161 P. 297) when the liability has been estab-

436

lished or determined to exist under the statute, provisions relating to its enforcement are regarded as remedial and demand liberal construction.

The situation in the Eysenbach Case, supra, was such that (with respect to the classification) we were reviewing the statute primarily with a view to enforcement of liability thereunder. We did not therein say nor hold that penal features did not exist in the statute. On the contrary, we, by implication, recognized their existence when we said at the outset of our discussion on the point that:

"Nor are we able to agree with defendant's contention that section 9763, supra, is penal *in the sense that the cause of action herein will not survive.*" (Emphasis ours.)

There is some language in the cited case which standing alone and compared with isolated expressions in the case at bar might create the impression of a conflict; however, like all other judicial opinions, the two here discussed must be viewed in the light of the particular problem before the court. Conflicts are not created through a strict adherence to the literal meaning of language used, nor as the fruitful product of a vivid imagination groping for implications that might be inconsistent. When analyzed in the light of the facts, actual and substantial harmony prevails in the two cases.

It is appropriate in the interest of clarity to point out that in the Eysenbach Case, liability (as distinguished from its enforcement) did not depend entirely upon the statute (sec. 9763, supra), but on the contrary rested on equitable principles brought into focus by the identification of a trust fund (see paragraph 3 of the syllabus.)

The petition for rehearing is denied.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur. CORN and GIBSON, JJ., absent.