### Ex parte JOE BURNETT.

No. A-10406.  Jan. 26, 1944.

(145 P. 2d 441.)

148

Joe Burnett, in pro. per.

Randell S. Cobb, Atty. Gen., for respondent.

JONES, P. J. This is an original proceeding in habeas corpus instituted by the petitioner, Joe Burnett, to secure his release from confinement in the State Penitentiary.

The petitioner entered his plea of guilty in the district court of Payne county to the alleged crime of "armed robbery, a second and subsequent offense," and was sentenced to serve ten years in the State Penitentiary where he has since been confined.

The sole ground for seeking discharge by habeas corpus is the contention that the information is fundamentally defective and ambiguous, and insufficient to confer jurisdiction upon the district court to sentence the petitioner to ten years in the State Penitentiary.

The information is lengthy. After alleging two former convictions, the part of said information complained of charges the petitioner with the following:

"That on the 18th day of November, 1939, Joe Burnett, then and there being and acting conjointly with one

Harry Roberts, did then and there, with the intent, if resisted, to kill or wound one O. R. Dephenbaugh, they, the said Harry Roberts and Joe Burnett so acting together, being then and there armed with dangerous weapons, to-wit: one pistol and one rifle, a more exact description of which is unknown to this affiant, and they, the said Joe Burnett and Harry Roberts, so acting together, did then and there unlawfully and feloniously rob, steal, and take away from the person and the control of him, the said O. R. Dephenbaugh, eight ($8.00) dollars in good and lawful money of the United States of America, one .22 pistol, one .22 rifle, three cans of tobacco, all being of the reasonable value of fifty ($50.00) dollars in good and lawful money of the United States of America, and the same being the personal property of him, the said O. R. Dephenbaugh, said property being so stolen and taken at the time of said assault, and while the said Joe Burnett and Harry Roberts were so armed with such dangerous weapons as aforesaid, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Oklahoma."

It is the contention of petitioner that the information is fatally defective in not alleging that the property taken from the complainant, O. R. Dephenbaugh, was procured through force or fear engendered by the use of firearms had and held in the hands of the defendant.

21 O. S. 1941 § 791 defines robbery as follows :

"Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

In the case of Cannon v. State, 71 Okla. Cr. 42, 107 P. 2d 809, 810, it is stated:

"Here the evidence revealed that defendant, at the time she entered the automobile, had in her hand a bright object which was concealed under her coat sleeve as she

placed this instrument in the side of the prosecuting witness and directed him to drive on. The prosecuting witness testified: '* * * this one here had a coat on and apparently had something in her hand or in her sleeve and jobbed me and said go in this side, go this way, hurry up, go this way and she pointed east.'

"That it had the appearance of a gun, and he believed it was one, and for fear of his life, he did as he was told, and under these circumstances he was robbed of his money. Under these facts there can be no question but that the defendant was guilty of robbery and not of larceny. The three cases above cited discuss fully the distinction between robbery and larceny from the person. Often the distinction between these crimes is very close. To constitute robbery the taking is accomplished either by force or by putting in fear. The violence or intimidation in robbery must precede or be contemporaneous with the taking of the property. The violence must be actual, personal violence, but the degree of force used is immaterial, except under statutes which provide for a punishment varying with the violence which accompanies the taking. If putting in fear is proved the offense is robbery."

To constitute a good information charging the crime of robbery with firearms there should be an allegation that the property was taken by means of force or fear. It does not mean, however, that these identical words have to be inserted in the information. If words are used in the information which, in their common acceptation, or by reasonable intendment, can be understood to charge that the taking of personal property was accomplished by means of force or fear, then the information is sufficient.

It is fundamental that the information must state the acts constituting the offense in such a manner as to enable a person of common understanding to know what is intended.

If the information herein had been attacked by demurrer at the time of the arraignment of the accused, the better practice would have been for the court to have sustained the demurrer and directed the county attorney to file an amended information to conform to the statute on robbery.

The minutes of the court proceedings showed that the accused was arraigned on January 20, 1940, and entered his plea of not guilty. That on February 9, 1940, he withdrew his plea of not guilty and entered his plea of guilty without, at any time, challenging the sufficiency of the information.

In the case of Ex parte King, 41 Okla. Cr. 241, 272 P. 389, it is stated:

"The general rule is that the writ of habeas corpus may not be used either before or after conviction to test the sufficiency of an indictment or information. Where an indictment or information is merely defective, demurrable, or subject to a motion to quash, or technically insufficient, but may be amended to state the crime sought to be charged, the person held by process based upon it is not entitled to test the sufficiency of the indictment or information by habeas corpus. Where, however, the indictment or information is fundamentally defective in substance, so that it cannot be amended to charge a crime in any manner or form or by any intendment, it is void, and a person held by process based on such void charge is entitled to discharge by habeas corpus."

In that case the facts were more favorable to the accused than the facts in the instant case. King had been jointly charged in the district court with one Ward. Ward was convicted and appealed to this court and the conviction was reversed for the reason that the information was insufficient. Ward v. State, 34 Okla. Cr. 296, 246 P. 664. The petitioner King did not appeal his conviction, but

after the reversal of the Ward case he sought his release from confinement by habeas corpus. This court, after citing the general rule, hereinabove quoted, stated:

"Here the information, attempting to charge defendant with the crime of robbery by firearms, was defective, indefinite, and insufficient, and demurrer thereto should have been sustained. On appeal this court would have reversed the judgment for insufficiency of the information, as was done in the companion case of Ward v. State, supra. Yet, while the information is defective, still by intendment it can be determined what the pleader intended to charge. The information can be made by amendment to properly charge the offense attempted to be charged. See Ex parte Kennedy, 10 Okla. Cr. 648, 135 P. 1194. This court in effect held in the Ward Case, supra, that the information was demurrable only, and could be amended; that is, the information was defective and technically insufficient, but was not so fundamentally defective in substance as to charge a crime in no manner or form and by no intendment."

If the information charged only the offense of grand larceny, as contended by petitioner, it still would confer jurisdiction on the district court to sentence the defendant to ten years in the State Penitentiary as a second offender. Under the provisions of the Habitual Criminal Act (21 O. S. 1941 § 51.), the court had jurisdiction to sentence the petitioner to a term of ten years in the State Penitentiary as a second offender, even though the information should be held to have charged only the offense of grand larceny.

No contention is made that the defendant was misled by the allegations of the information, or that he was not advised of his constitutional rights, but his release is sought solely upon the technical ground that the information failed to allege that the taking was accomplished by means of force or fear.

Under the view which we have taken of this case, and in the light of the authorities which we have hereinabove cited, it is our conclusion that the writ of habeas corpus should be denied.

It is so ordered.

BAREFOOT, J., concurs. DOYLE, J., not participating.