## JONES v. STATE.

No. A-11278.   March 21, 1951.

(229 P. 2d 613.)

Jerome Sullivan, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Ass't. Atty. Gen., for defendant in error.

JONES, J. This appeal is from a conviction sustained in the county court of Stephens county on the purported charge of driving an automobile on the public highway while under the influence of intoxicating liquor. The appeal is by transcript and none of the evidence in the trial is before us.

Two propositions are presented: (1) Alleged error of the court in overruling the demurrer to the information. (2) Alleged error of the court in overruling the motion for continuance.

The prosecution was instituted under the provisions of the statute making it unlawful for a person who is under the influence of intoxicating liquor to operate or drive a motor vehicle on any highway within this state. 47 O.S. 1941 § 93.

The information filed against the defendant reads:

"In the Name and by the Authority of the State of Oklahoma, now comes James F. Bennett the duly qualified and acting County Attorney, in and for Stephens County, State of Oklahoma, and gives the County Court of Stephens County and State of Oklahoma, to know and be informed that John Paul Jones did, in Stephens County, and in the State of Oklahoma, on or about the 4th day of December in the year of our Lord, One Thousand Nine Hundred and Forty-eight and anterior to the presentment hereof, commit the crime of Driving an automobile while under the influence of intoxicating liquor in the manner and form as follows, to-wit:

"That the said defendant, late of Stephens County, Oklahoma, and within the jurisdiction of this Court, then and there being, did then and there wilfully, unlawfully, and wrongfully drive and operate a 1942 Chevrolet Coach, bearing 1948 Oklahoma License No. 23-7511, while under the influence of intoxicating liquor, to-wit: From a point 135 feet South of the intersection of Choctaw and Broadway Streets in the City of Marlow, Oklahoma, at which point he was involved in a property damage accident, contrary to the form of the Statutes, in such cases made and provided, against the peace and dignity of the State of Oklahoma."

At the arraignment of the defendant his counsel filed a demurrer to the information on the ground that the information did not state an offense against the laws of the State of Oklahoma, and, secondly, it was wholly insufficient to allege the offense of driving an automobile on the highway while under the influence of intoxicating liquor.

The demurrer was good and should have been sustained. The word "high-way" is not mentioned anywhere in the information and there are no facts alleged by which this court could reasonably infer that the defendant was driving the automobile on a highway. Even in the caption the crime is designated "driving an automobile while under the influence of intoxicating liquor". The information merely alleges that the defendant drove a certain automobile "from a point one hundred and thirty-five (135) feet south of the intersection of Choctaw and Broadway streets in the city of Marlow". The information does not allege that such a point is on a street of the city of Marlow and does not allege any point to which the automobile was driven. As pointed out by counsel for defendant, there was nothing in the information to show that the spot where the car was allegedly driven was not on private property or even in the private driveway of some residence not used by the general public.

The term "highway" as used in the statute is defined as follows:

" 'Highway' shall mean to include any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any other thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles, within the State of Oklahoma." Tit. 47, § 91, O. S. 1941.

We are certainly liberal in the construction of informations, and if there is any language by which this court can reasonably state that a person of common understanding can know with what he is charged so that he could be enabled to plead jeopardy in case of a second charge for the same offense, then such information will be sustained as against a demurrer. It is hard to understand why the court did not direct the county attorney to amend the information when the defect was called to his attention by a demurrer. We cannot guess as to what was intended to be charged. The information as drawn violates the fundamental principle of pleading in criminal cases in that it wholly omitted to charge that the automobile was driven on a highway. We do not know anything at all about the facts in the case as counsel for defendant elected not to bring the appeal to this court by means of a case-made, but chose to present it by a transcript of the record which does not include any of the evidence.

As to the second contention of counsel for defendant, that the court erred in overruling his motion for continuance, it cannot be sustained for the reason that the appeal is by transcript and unless the evidence is before this court we are unable to state what evidence was introduced in support of the motion and whether under the record the court abused its discretion in denying the motion for a continuance. In Ward v. State, 56 Okla. Cr. 316, 38 P. 2d 582, this court held:

"A motion for continuance and the rulings thereon do not constitute a part of the record proper which can be brought to this court for review by transcript."

Because the information herein wholly fails to state facts sufficient to constitute the offense of driving an automobile on the highway while under the influence of intoxicating liquor, the judgment and sentence of the county court of Stephens county is reversed and remanded with instructions to amend the information in conformity with the views herein expressed and to again try the defendant.

BRETT, P. J., and POWELL, J., concur.