CHANDLER v. STATE.

No. A-11731.  March 18, 1953.

(255 P. 2d 299.)

Sid White, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. This is an appeal from a judgment rendered on a plea of guilty to an information filed in the court of common pleas of Oklahoma county, allegedly charging the defendant, Charles Thomas Chandler, with committing the purported offense of "driving while intoxicated."

Only one issue is presented to this court by the appeal and that is whether the information is so fundamentally defective that it was insufficient to confer jurisdiction in the trial court to pronounce sentence on the plea of guilty.

The prosecution was instituted under the provisions of the statute making it unlawful to drive or operate a motor vehicle on any highway within this state while such person is under the influence of intoxicating liquor. 47 O.S. 1951 § 93.

The information filed against the accused reads as follows:

" * * * on the 21st day of June, A D., 1951, in Oklahoma County, State of Oklahoma, Charlie Thomas Chandler whose more full and correct name is to your informant unknown, then and there being, did then and there wilfully, unlawfully and wrongfully commit the crime of *operating a motor vehicle while under the influence of intoxicating liquor* in the manner and form as follows, to-wit:

"That is to say, the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and wrongfully, run, drive and operate a 1936 Ford Coupe Motor Vehicle, bearing 1951 Oklahoma License No. 1-96192, at and upon Guthrie Short Cut, from an unknown point to a point ½ mile north of N.E. 23rd Street, adjacent to Oklahoma City, in said county and state, while under the influence of intoxicating liquor; contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma."

It is established law, through a long line of decisions by this court, that the gist of the sufficiency of an information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Argo v. State, 88 Okla. Cr. 107, 200 P. 2d 449.

The essential elements of an information charging an offense under the statute here involved are: (1) the driving of a motor vehicle, (2) on a highway, as defined by statute, (3) the operator must be under the influence of intoxicating liquor.

In considering this information to determine whether these three essential elements are included in the allegations of such information, it is readily apparent that the first and third essential elements are present, but nowhere in said information is it alleged that the defendant drove such automobile on a highway. It is not even set forth in the caption where the offense is named. The word highway is not used and there is no word synonymous with highway, such as thoroughfare, driveway, street, passageway or any other word used anywhere in the information from which this court could reasonably infer that the place where the defendant allegedly drove the automobile was on a highway. The members of this court can look from the windows of their offices, situated on N.E. 23rd

Street, and see an abandoned golf course, approximately ½ mile north of 23rd street. Running east and west on the south side of the golf course is a paved road and adjacent to it on the north are some warehouses that have been just recently built. On the north of the abandoned golf course is 36th street. An employee of one of the warehouses could have entered an automobile at one of the warehouses and driven across the abandoned golf course to the intersection of 36th street and Lincoln Boulevard and never have touched a highway as that term is defined by the statutes. Yet he could have been guilty under the allegations of the information because he had driven an automobile on what he might have thought was a short cut to Guthrie approximately ½ mile north of 23rd street. The street commonly known as 23rd street extends in length about 20 miles across Oklahoma City and adjacent areas. An oil field driller at one of the numerous leases approximately ½ mile north of 23rd street could have been driving across a private lease which the public was not privileged to enter while taking a short cut to Guthrie and still would have been guilty under the information which was filed, because the information does not in any particular allege that the accused drove his car on a highway. There are many roads to Guthrie, and whether an individual is taking what he thinks is a short cut to Guthrie is determined by the place from which he starts. If a person was 5 miles east of Broadway street in Oklahoma City on N.E. 23rd street, he would undoubtedly take the paved road which goes straight north to Guthrie. Yet if he was only 1, 2, 3 or 4 miles east of Broadway, he might take an entirely different route.

We are certainly liberal in the construction of informations, and if there is any language by which this court can reasonably state that a person of common understanding can know with what he is charged so that he could be enabled to plead jeopardy in case of a second charge for the same offense, then the information would be sustained. The information as drawn cannot be approved. We are hesitant to reverse a conviction where a plea of guilty has been entered but it has often been held that where the information is fatally defective the question may be presented for the first time on appeal. It may even be presented after conviction in an application for a writ of habeas corpus, testing the sufficiency of such information. Ex parte Brown, 77 Okla. Cr. 96, 139 P. 2d 196. If it should be said that our statements herein are slightly facetious, we have only to point out that we had a case appealed to this court where the accused had driven his automobile in a hay meadow and not on a public thoroughfare. Mayes v. State, 80 Okla. Cr. 52, 156 P. 2d 822. In the instant case, the accused, who the record shows appeared without counsel at the time he entered his plea of guilty, might not have known that it was not a violation of the law for him to drive his automobile at a place that did not come within the definition of a highway. He could have been driving his automobile on the back side of Uncle Elmer's north 40 and if he did not reach a public thoroughfare, he would not have been guilty under the statute. Yet he could have been taking what for him, was a short cut to Guthrie.

If the defendant, in fact, did drive his automobile on a public highway, the county attorney should amend his information to so charge and proceed to try the accused.

The judgment and sentence of the court of common pleas of Oklahoma county is reversed and remanded for further proceedings consistent with the views here expressed.

POWELL, P. J., and BRETT, J., concur.

POWELL, P. J. (concurring). An allegation that one drove at and upon a short cut to or from Guthrie "from an unknown point to a point ½ mile north

of N.E. 23rd street, adjacent to Oklahoma City", obviously might mean any number of routes over private property not open to the public. Likewise, the allegation in the information that the defendant drove in and upon "Guthrie Short Cut", while limiting the travel to a particular short cut, even so it could have been through private property not open to public travel at the point in question. And while such possibility is perhaps slight, there is too much speculation to meet the requirements of the statute. The real difficulty is that "short cut" is not synonymous with "turnpike", or "highway" or "public road." "Guthrie Short Cut" is not a name ascribed to a part of the public highways of this state by the State Highway Department and so officially marked by signs along the route or by its official maps, so far as anything in the record discloses, or of which this court might take judicial notice. The statute, 47 O.S. 1951 § 93 prohibits the intoxicated person as follows:

"to operate or drive a motor vehicle on any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, driveway, public square or place, bridge, viaduct, trestle or any thoroughfare or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles within this State * * *."

Although the "Guthrie Short Cut" may in truth be a public highway, even if over private property, and such fact and knowledge by the accused may have influenced his entry of a plea of guilty in the first instance, the law will not justify any such assumption. It would have been so easy for the county attorney to have alleged the status of the "short cut" as to public travel.

I agree that the accused should have a new trial.