Harold Ray MILLER, Appellant,

v.

STATE of Oklahoma, Appellee,

No. F-88-570.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1992.

HAROLD RAY MILLER, Appellant, was tried by jury for the crime of ATTEMPTED PANDERING in Case No. CRF-87-419 in the District Court of Comanche County before the Honorable William M. Roberts, District Judge. Appellant was sentenced to twelve (12) years in the custody of the Oklahoma Department of Corrections and has perfected this appeal. Judgment and Sentence is REVERSED and REMANDED for new trial.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Alecia A. George, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Appellant, Harold Ray Miller, was tried by jury for the crimes of Attempted Pandering, After Former Conviction of a Felony (21 O.S.1981, § 1081); and Indecent Exposure (21 O.S.1981, § 1021) in Comanche County District Court, Case No. CRF-87-419. The jury found him guilty of attempted pandering and not guilty of indecent exposure. The trial court sentenced him to twelve years imprisonment as recommended by the jury.

Appellant raises four propositions of error. We will address only the argument that the Information charging the crime of attempted pandering was fatally defective as it did not charge all the elements of the crime. We find this error requires reversal which renders the appellant's other arguments moot.

The appellant had known Debbie Gathe for approximately three years when he came to her house in the early morning hours of August 25, 1987. He tried to talk her into becoming a prostitute, telling her how easy it would be and how much money she could make. He then attempted to kiss her, dragged her into the bathroom by the hair, pulled down his pants and demanded that she perform oral sodomy. At this point Gathe's young son came into the bathroom and the appellant left. Gathe reported this to the police who, as a result, hid a microphone and transmitting device in her living room. The appellant returned to Gathe's home early the next morning. He again told Gathe she should become a prostitute, and offered to protect and clothe her in exchange for sixty percent of her earnings. Surveillance officers heard part of this conversation, but it was not recorded.

■ The Information charging the appellant with the crime of pandering under 21 O.S.1981, § 1081 alleged:

... that the said HAROLD RAY MILLER did unlawfully, wilfully, knowingly, and feloniously commit the crime of attempted Pandering in the manner and form as follows: that the said Harold Ray Miller did feloniously attempt to in-

duce and encourage one Debbie Gathe, a female person to become a prostitute that said inducement consisted of promises by the said defendant to provide the said Debbie Gathe to engage in prostitution in the City of Lawton, Oklahoma.

Title 21 O.S.1981, § 1081, the pandering statute, prohibits inducing or encouraging someone to become an "inmate of a house of prostitution" or to enter or leave the State for the purpose of prostitution. The Information does not allege either of these essential elements.

Appellant challenges the validity of the Information, arguing it fails to state a crime. The State counters with the dual position that the appellant waived this argument by failing to challenge the Information by demurrer prior to entering a plea, and that he was not in fact misled by the Information.

The requirement that the Information state facts to allege every material element of the crime charged has been firmly rooted in Oklahoma jurisprudence since the time of statehood. *See Stout v. Territory,* 2 Okl.Cr. 500, 103 P. 375 (1909); *Fletcher v. State,* 2 Okl.Cr. 300, 101 P. 599 (1909); *Abrams v. State,* 13 Okl.Cr. 11, 161 P. 331 (1916); *Armour v. State,* 72 Okl.Cr. 44, 112 P.2d 1116 (1941); *Dunbar v. State,* 75 Okl. Cr. 275, 131 P.2d 116 (1942); *McCoy v. State,* 92 Okl.Cr. 412, 223 P.2d 778 (1950); *Douglas v. State,* 93 Okl.Cr. 132, 225 P.2d 376 (1951); *Jones v. State,* 94 Okl.Cr. 15, 229 P.2d 613 (1951); *Vandiver v. State,* 97 Okl.Cr. 217, 261 P.2d 617 (1953); *Gibson v. State,* 328 P.2d 718 (Okl.Cr.1958); *Fish v. State,* 505 P.2d 490 (Okl.Cr.1973); *Wilds v. State,* 545 P.2d 779 (Okl.Cr.1976); *Williams v. State,* 579 P.2d 194 (Okl.Cr. 1978); *Nunley v. State,* 660 P.2d 1052, *cert. denied,* 464 U.S. 867, 104 S.Ct. 205, 78 L.Ed.2d 179 (Okl.Cr.1983); *Plotner v. State,* 762 P.2d 936 (Okl.Cr.1988).

The test for sufficiency of the Information which the State advances, that it sufficiently apprises the defendant of what he must be prepared to meet, is only the second prong of the two-prong test for sufficiency of the Information articulated by this Court:

The true test of sufficiency is not whether it might possibly have been made more certain, but whether it contains every element of the offense to be charged and sufficiently apprises the defendant of what he must be prepared to meet. (emphasis added).

*See Ex Parte Burnett,* 78 Okl.Cr. 147, 145 P.2d 441 (1944); *Sparkman v. State,* 67 Okl.Cr. 245, 93 P.2d 1095 (1939); *Stokes v. State,* 86 Okl.Cr. 21, 189 P.2d 424 (1948), *modified on other grounds,* 86 Okl.Cr. 21, 190 P.2d 838 (1948); *Argo v. State,* 88 Okl.Cr. 107, 200 P.2d 449 (Okl.Cr.1948); *Raper v. State,* 96 Okl.Cr. 18, 248 P.2d 267 (1952); *Frazier v. State,* 267 P.2d 155 (Okl. Cr.1954); *Fish v. State, supra; City of Tulsa v. Haley,* 554 P.2d 102 (Okl.Cr.1976), *overruled on other grounds,* 775 P.2d 826, 828 (1989); *Lamb v. State,* 626 P.2d 1355 (Okl.Cr.1981); *Nunley v. State, supra.*

Some of these cases state the "elements" must be alleged, while others use the language "the particulars" or "facts constituting" the crime. These terms are equivalent. They all mean that the criminal Information must set forth facts to allege each element of the crime charged.

This pleading requirement has long been held by this Court to be constitutional. In *Fletcher* we held the due process clause of the Oklahoma Constitution Article II, § 16 requires notice of all the elements of the specific offense charged. Driving the point home the Court asked rhetorically,

Who will contend this is done when the Indictment or Information does not contain a statement of all the particulars essential to constitute an offense or crime.

101 P. at 604. In *Stokes* we based our holding on Article II, § 20 of the Oklahoma Constitution. We explained:

This requirement is not an unreasonable one but is in keeping with the Constitution and statutory provisions with reference to criminal pleading, as well as the provisions of this court construing such provisions.

189 P.2d at 428. *See also City of Tulsa v. Haley,* 554 P.2d at 103.

In addition to being constitutional, the requirement that the Information set forth facts to allege every material element of the crime charged is also statutory. Title 22 O.S.1981, §§ 401 through 410 [1] set forth the requirements for sufficiency of an indictment or Information.

Sections 401 through 410 provide in relevant part as follows:

**§ 401. Requisites of indictment or information.**

The indictment or information must contain:

1. The title of the action, specifying the name of the court to which the indictment or information is presented, and the names of the parties.

2. *A statement of the acts constituting the offense,* in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended. (emphasis added).

**§ 402. Indictment or information must be certain and direct.**

The indictment or information must be direct and certain as it regards:

1. The party charged.

2. The offense charged.

3. *The particular circumstances of the offense charged,* when they are necessary to constitute a complete offense. (emphasis added).

**§ 403. Designation of defendant by fictitious name.**

**§ 404. Single offense to be charged— Different counts.**

**§ 405. Allegation of time.**

**§ 406. Misdescription of person injured or intended to be injured.**

**§ 407. Words, how construed.**

The words used in an indictment or information must be construed in their usual acceptation, in common language, except words and phrases defined by law, which are to be construed according to their legal meaning.

**§ 408. Statute not strictly pursued.**

Words used in a statute to define a public offense, need not be strictly pursued in the indictment or information; but other words conveying the same meaning may be used.

**§ 409. Indictment or information, when sufficient.**

The indictment or information is sufficient if it can be understood therefrom:

. . .

6. That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended.

7. That the act or omission charged as the offense, is stated with such a degree of certainty, as to enable the court to pronounce judgment upon a conviction according to the right of the case.

**§ 410. Immaterial informalities to be disregarded.**

No indictment or information is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

Our holding that the Information must charge all essential elements of the crime has been grounded on Section 401, *Stokes,* 189 P.2d at 428–9; *Fish,* 505 P.2d at 494; *City of Tulsa v. Haley,* 554 P.2d at 103–4; Section 402, *Stokes, supra; City of Tulsa, supra; Sparkman,* 93 P.2d at 1100; Section 409; *Dunbar,* 131 P.2d at 122; *Wilds,* 545 P.2d at 783; and sections 406, 407 and 410; *Sparkman, supra.*

�though The State's argument that objection to the Information was waived by failing to lodge it prior to entering a plea is unavailing for several reasons. In the first place fundamental error is not waived. Fundamental error is that which denies the accused a constitutional or statutory right, and which goes to the foundation of the case. *West v. State,* 764 P.2d 528 (Okl.Cr. 1988). Review of our past holdings reveals plainly that an Information which does not assert facts to allege each element of the

---

**1.** These statutes have not been amended since codified in 1910.

charged crime denies an accused constitutional as well as statutory rights.

■ Furthermore, the failure to "state all the particulars" to constitute a crime renders an Information void, *Fletcher*, 101 P. at 605, and "so fundamentally defective" that it is insufficient to confer jurisdiction on the trial court. *Chandler v. State*, 96 Okl.Cr. 344, 255 P.2d 299, 301–2 (1953). Therefore, an Information which does not recite facts to allege every material element of the crime charged fails to charge the crime, and therefore fails to confer subject matter jurisdiction on the district court. A challenge to subject matter jurisdiction may be raised for the first time on appeal. *Buis v. State*, 792 P.2d 427 (Okl. Cr.1990). This Court has long recognized that the failure to allege the elements of the crime can be raised for the first time on appeal as an exception to the general waiver rule. *Smith v. State*, 152 P.2d 279, 281 (Okl.Cr.1944); *City of Tulsa*, 554 P.2d at 103; *Nickell v. State*, 562 P.2d 151 (Okl.Cr. 1977); *Short v. State*, 634 P.2d 755, 757 (Okl.Cr.1981); *Byrne v. State*, 620 P.2d 1328 (Okl.Cr.1980); *Laughton v. State*, 558 P.2d 1171 (Okl.Cr.1977).

This post trial challenge of the Information for failure to allege facts to support each element of the crime is also authorized by statute. Title 22 1981, § 512 provides that an objection to an indictment or Information which appears on its face and which goes to subject matter jurisdiction or that the facts stated do not constitute a public offense, may be taken after arraignment, at trial, under a plea of not guilty and in arrest of judgment.

The Court is well aware of the unnecessary waste of resources generated by appeals of this nature for defense counsel, the prosecutor, and the judiciary at both the trial and appellate levels. The appellant himself is disadvantaged by the prospect of retrial some four (4) years after he allegedly committed this crime. This issue should have been resolved at trial, not retrial. Our plea to prosecutors and the trial bench almost forty years ago is as apt today as then. Presiding Judge Powell wrote:

In the preparation of Informations in criminal cases the attorney for the State should each time re-read the applicable statutory provisions and make every effort to plainly and clearly cover every material provision either in the language of the statute, or by words of similar import. This statement is for the benefit generally of prosecuting attorneys who do not give that consideration to the language of the information that should be given ... Stricter requirements by trial judges would materially improve the quality of informations as reflected in a record or transcript when either finally reaches this Court, and in fact might materially cut down appeals of a technical character.

*Hanlan v. State*, 96 Okl.Cr. 331, 254 P.2d 373, 376 (1953).

BRETT and PARKS, JJ., concur.

LUMPKIN, V.P.J., concurs in part/dissents in part.

JOHNSON, J., joins LUMPKIN, J., concurring in part/dissenting in part.

LUMPKIN, Vice–Presiding Judge, concurs in part/dissents in part.

I concur in the results reached by the Court in this case, however, I cannot join in the Court's quantum leap into the antiquity of "code pleading". The Court consciously disregards the plain language of the statutes involved and amends the statutes with a technical word of interpretation which was not confined within the intent of the statute or the Oklahoma Constitution.

Appellant alleged on appeal that the information was fatally defective as it did not charge all of the elements of the offense of attempted pandering, specifically omitting the element of "house of prostitution". Appellant does not acknowledge his failure to file a motion to quash or objection to the information at trial, but argues that the information was so fatally defective as to deny the trial court jurisdiction; and this, being a fundamental error, is properly raised for the first time on appeal.

Essentially, 22 O.S.1981, § 401 *et seq.* are notice provisions and the violation of these

provisions is not of a fundamental nature which can be raised for the first time on appeal.

It is well established that in the prosecution of a criminal action, the State must prove each and every element of the offense charged. *Ramirez v. State*, 430 P.2d 826, 829 (Okl.Cr.1967); *Voegeli v. State*, 75 Okl.Cr. 420, 133 P.2d 219, 221 (1943). In filing the information, though, it is not necessary for the State to allege every element of the offense charged. Section 401 and 402, respectively, refer to a "statement of the acts constituting the offense" and "the particular circumstances of the offense charged". The provisions do not require the elements to be pleaded in the information. An information is sufficient if it complies with the requirements of Section 401 *et seq.*, adequately informs the defendant of what he must be prepared to defend against and prohibits the possibility of the defendant subsequently being put in jeopardy a second time for the same offense.

This analysis is consistent with the earliest interpretations of our state statutes. In *Star v. State*, 9 Okl.Cr. 210, 131 P. 542 (1913), the appellant challenged the sufficiency of the information on the grounds that it mentioned the date of the alleged offense only once, and was not repeated "at each issuable and triable fact." In rejecting this challenge and finding the information sufficient, this Court recognized that pleading the date of the alleged offense numerous times throughout the information was the ancient rule, but that "the conditions which brought this rule into existence have long since passed away and ceased to exist." "[O]ur statutes in express terms repeal the artificial rules of pleading established by common law." 131 P. at 543.' The authority relied upon by the Court was Sections 6700, 6704, 6705 of the Compiled Laws of 1909. These Sections of the Compiled Laws have been incorporated into our official statutes as Title 22 O.S. 1981, § 401 *et seq.* The wording of these statutes has remained essentially the same since 1909. As *Star* points out, the initial case law interpreted these statutory provisions strictly with regards to placing the

defendant on notice of the facts constituting the charge against him. *See also Martin v. State*, 35 Okl.Cr. 248, 250 P. 552, 553 (1926).

In *Clark v. State*, 63 Okl.Cr. 138, 73 P.2d 481, 483 (1937), these "new" statutes were held to be "a radical departure from the old common law with reference to criminal law and criminal procedure." The statutes were held to dispense "with the strict construction once placed upon those pleadings, and makes them sufficient if a person of ordinary understanding can know what was intended by the terms used. They place upon the courts the duty of holding them sufficient unless they are so defective as to prejudice the rights of the defendant upon the merits of his case." 73 P.2d at 484.

The standard for determining the sufficiency of the information based upon the understanding of an ordinary person evolved into a two part test. Succinctly stated in *Nealy v. State*, 636 P.2d 378 (Okl.Cr.1981), this two part test reviewed the sufficiency of the information in light of: 1) whether the defendant was in fact misled by the information; and, 2) whether it would expose the defendant to the possibility of subsequently being put in jeopardy a second time for the same offense. *See also Jefferson v. State*, 675 P.2d 443 (Okl.Cr.1984); *Campbell v. State*, 640 P.2d 1364 (Okl.Cr.1982); *Holloway v. State*, 602 P.2d 218 (Okl.Cr.1979); *Williams v. State*, 579 P.2d 194 (Okl.Cr.1978); *City of Tulsa v. Haley*, 554 P.2d 102 (Okl.Cr.1976); *McCoy v. State*, 536 P.2d 1309 (Okl.Cr.1975) and *Mitchell v. State*, 408 P.2d 566 (Okl.Cr. 1965).

Regrettably, the Court in this decision is compounding jurisprudential mistakes of the past by restating as law a principle which does not have a foundation in the law. Rather than perpetuating the problem we should, with all candor, admit this Court in the past has developed diametric opposing lines of caselaw authority on the very same issue and adopt the line of authority supported by legal analysis. The Court in this case does admit the divergent lines of authority exist, however, it then

adopts the line not supported by legal analysis. A vivid example of this problem is revealed by the Court's citation to *Ex Parte Burnett*, 78 Okl.Cr. 147, 145 P.2d 441 (1944); *Sparkman v. State*, 67 Okl.Cr. 245, 93 P.2d 1095 (1939); *Stokes v. State*, 86 Okl.Cr. 21, 189 P.2d 424 (1948); and *Argo v. State*, 88 Okl.Cr. 107, 200 P.2d 449 (1948) for the proposition that "[t]he true test of sufficiency is not whether it might possibly have been made more certain, but whether it contains every element of the offense to be charged and sufficiently apprises the defendant of what he must be prepared to meet". A review of *Ex Parte Burnett* reveals the application of the principle is exactly opposite to the stated rule, i.e. the only requirement is that the information "state the acts constituting the offense in such a manner as to enable a person of common understanding to know what is intended". *Id.*, 145 P.2d at 443. That decision does not adopt a requirement to plead each element of the offense. While I recognize that Syllabus 1. in that opinion does insert the word "element" into the test, it is not supported by the analysis in the opinion.

This type of "bootstrapping" of cites to cases as authority is more vividly revealed through the discovery of the genesis of the authority for the holdings of law in *Sparkman* and *Stokes*. The decision in each of these cases is predicated on the Court's decision in *Warren v. State*, 24 Okl.Cr. 6, 215 P. 635 (1923). In *Warren* the Court stated "[t]he true test of the sufficiency of an information is not whether it might possibly have been made more certain, but whether it contains every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet". However, the Court cited no authority for that proposition or an analysis which would allow the Court to make the original "quantum leap" to legislate the requirement of element pleading. In other words, these cases cited as authority are predicated upon an unsupported statement.

By 1948, a defined line of cases predicated on unsupported statements of the law was developing which held that the test for determining the sufficiency of the information is not whether it might possibly have been made more certain, but whether it alleged every element of the offense intended to be charged and sufficiently apprised the defendant of what he must be prepared to meet. *Argo v. State*, 88 Okl. Cr. 107, 200 P.2d 449, 451 (1948). *See also Short v. State*, 634 P.2d 755 (Okl.Cr.1981); *Smith v. State*, 572 P.2d 262 (Okl.Cr.1977); *Chandler v. State*, 96 Okl.Cr. 344, 255 P.2d 299 (1953). However, research again reveals one of the earliest cases in this line of authority, *Argo*, enunciated this new standard with sole reliance upon a case which did not address the pleading of the elements of the offense.

*Dunham v. State*, 78 Okl.Cr. 54, 143 P.2d 834 (1943), cited as authority in *Argo*, is a case in which the defendant challenged the sufficiency of the information for failure to state sufficient facts to constitute a public offense. This Court dismissed the challenge stating that "an information which informs the accused of the offense with which he is charged with such particularity as to enable him to prepare for his trial, and so defines and identifies the offense that, if convicted or acquitted he will be able to defend himself against any subsequent prosecution of the same offense, is sufficient" quoting *Maney v. State*, 53 Okl. Cr. 438, 13 P.2d 597 (1932). It is not clear how the *Argo* Court made the leap in interpretation from requiring the pleading of sufficient facts to requiring the pleading of every element of the offense.

As the above demonstrates, the test for determining the sufficiency of an information was initially based on the clear language of the statute and a conscious break from the hypertechnical requirements of "code pleading". However, as weeds spring forth in the most meticulously tended garden, the term "elements" has grown from a misplaced word into a proposition of law relating to pleading notice in a criminal information. This has subsequently led to the various tests used being intertwined and the requirement for pleading sufficient facts or sufficient elements confused. This is illustrated in a group of cases which

882

recite the standard that an information is sufficient if a man of common understanding could know its meaning, but find the information insufficient if it failed to allege every element of the offense. *See Wolfenbarger v. State,* 710 P.2d 114 (Okl. Cr.1985); *Lamb v. State,* 626 P.2d 1355 (Okl.Cr.1981); *Tate v. State,* 556 P.2d 1014 (Okl.Cr.1976); *Simmons v. State,* 549 P.2d 111 (Okl.Cr.1976); *Fish v. State,* 505 P.2d 490 (Okl.Cr.1973); *Jones v. State,* 94 Okl. Cr. 15, 229 P.2d 613 (1951).

While I have related my findings in the cases cited, it is not clear how we arrived at these varying interpretations. The resolution of such a issue would deteriorate into a mere guessing game. However, a review of these cases leaves the reader with the impression that at some point in time pleading the "elements" of the offense became synonymous with pleading the "facts" constituting the offense.

While researching and analyzing this issue, we have not failed to recognize the human frailties that all of us in the legal profession suffer. It is all too easy to rely upon the most recent case authority to support a particular position without researching the supporting authority. The instant case clearly illustrates the need to begin our research with the laws as set forth by the representatives of the people, embodied in the constitution and the statutes. We then proceed to the interpretation of that law as contained in cases from this Court. In our attempts to explain the constitutional and statutory concepts set forth or in our endeavors to vary the style of writing opinions by using different terms, the original intent of the Legislature is often lost. This analysis is an attempt to return to that original intent in determining the sufficiency of an information.

The rights of a person accused of a crime are protected under the Oklahoma Constitution, Art. 2, § 20. This section provides in pertinent part that a person accused "shall be informed of the nature and cause of the accusation against and have a copy thereof ..." This is the only constitutional provision addressing the notice given to a person charged with a crime. Title 22 O.S.

1981, § 401 through 410, sets forth the requisites of an information. These statutes do not require the pleading of each and every element of the offense charged. I agree with the philosophy expressed in the early cases from this Court that the basic purpose of an information is to serve notice upon the defendant that he has been charged with committing a criminal offense and that such notice contain enough facts so that the defendant knows what he must be prepared to defend against. In the words of Judge Jones, writing for a unanimous court, in *Jones v. State,* 94 Okl.Cr. 15, 229 P.2d 613 (1951):

We are [to be] liberal in the construction of informations, and if there is any language by which this court can reasonably state that a person of common understanding can know with what he is charged so that he could be enabled to plead jeopardy in case of a second charge for the same offense, then such information will be sustained as against a demurrer.

229 P.2d at 614. This analysis is supported by the plain language of the statutes. Section 401 plainly states the information must contain a "statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended". A search of the Oklahoma Constitution and statutes reveals the requirement of "elements" pleading is not present. Therefore, to require the pleading of the elements in effect means this Court is not only disregarding the language of the constitution and statutes, but amending the plain language to require the pleading of elements.

This action by the Court violates the basic requirements of statutory construction.

In the interpretation of statutory terms, the doctrine of construction, noscitur a sociis, prevails. That is, the meaning of particular terms in a statute may be ascertained by reference to words associated with them in the statute. It is also a familiar policy in the construction of terms of a statute to take into consideration the meaning naturally attaching to them from the context, and to adopt

that sense of the words which best harmonizes with the context. 73 Am.Jur.2d, Statutes § 213.

The jurisprudence of this State supports this basic rule. In *State v. Sowards,* 64 Okl.Cr. 430, 82 P.2d 324, 334 (1938) this Court determined that the rule of strict construction of a penal statute is not violated by giving its words a reasonable meaning according to the sense in which they were intended. In addition, the Court in *Watkinson v. Adams,* 187 Okl. 432, 103 P.2d 498, 501 (1940) held that the rule providing for a strict construction of penal statutes is subordinate to the general principle that all statutes should be construed and applied in such a manner to accomplish the legislative intent. Section 401 requires only the pleading of "acts constituting the offense". If the Legislature had wanted to require the pleading of elements could and would have made that requirement. An example of this Legislative recognition is found in 22 O.S.1981, § 741 where the Legislature specifically required a pleading of an overt act in an information charging the offense of conspiracy. We have recently reaffirmed this rule of interpretation. *See Isaacs v. District Court of Oklahoma County,* 818 P.2d 1247, 1249 (Okl.Cr.1991); *Napier v. State,* 821 P.2d 1062, 62 OBJ 3555, 3717 (Okl.Cr.1991); *McGee v. State,* 815 P.2d 196, 198 (Okl.Cr.1991). The Court fails to justify departure from this established rule of construction or legislating an amendment to Section 401.

Furthermore, challenging the sufficiency of the information is not an issue which can be raised for the first time on appeal. In *Buis v. State,* 792 P.2d 427 (Okl.Cr.1990), we held that subject matter jurisdiction in criminal cases is vested in the trial court by the proper endorsement and verification of the information pursuant to 22 O.S.1981, § 303. In that opinion we distinguished subject matter jurisdiction, which cannot be waived, and in personam jurisdiction, which can be waived if no objection is made. If the information is properly verified and endorsed, and the notice requirements of 22 O.S.1981, § 401 *et seq.* are met, subject matter jurisdiction is conferred upon the District Court. Any challenge to the in personam jurisdiction of the court, or lack of notice in the information, is waived by the failure to raise an objection to the information or by the defendant's appearance and plea to the charge.

This Court has held that an objection to the sufficiency of the information cannot be raised for the first time on appeal unless some foundation was laid for the objection before the final judgment was rendered. *Allen v. State,* 734 P.2d 1304, 1306 (Okl.Cr. 1987); *Willis v. State,* 64 Okl.Cr. 213, 78 P.2d 840 (1938). Therefore, the sufficiency of the information is not an issue which can be raised for the first time on appeal.

Accordingly, when an information is filed, charging a defendant with a criminal offense, if the defendant has any objections to the form or substance of the information, he must lodge those objections with the trial court prior to entering a plea to that charge. The failure to so object waives appellate review of any error. The information is sufficient if it complies with the requirements of Section 401, adequately informs the defendant of what he must be prepared to defend against and prohibits the possibility of the defendant subsequently being put in jeopardy a second time for the same offense. In making this determination, the court may consider whether there is a possibility that the defendant could be misled by the information, and whether the information is worded so that a person of ordinary understanding can know what was intended by the terms used. Errors or omissions which are not prejudicial to the defendant are to be disregarded and common sense is to prevail over technicalities.

The information in the present case sufficiently apprised the Appellant of the charge he should be prepared to meet. The omission of any reference to a "house of prostitution" in the information does not render the information fatally defective. However, the failure to prove an element of the offense, such as "house of prostitution" would render the verdict fatally defective.