Mitchell L. DUNGAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–709.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1982.

Rehearing Denied Nov. 15, 1982.

David Miller, Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Criminal Division, Oklahoma City, for appellee.

## MEMORANDUM OPINION

CORNISH, Judge:

Mitchell Dungan was convicted in Oklahoma County District Court of Unauthorized Use of a Motor Vehicle, After Former Conviction of Two Felonies. Dungan waived jury sentencing in the second stage of the proceedings and was sentenced by the trial court to serve twenty (20) years imprisonment.

Mr. Lyra, the owner of Rick's Auto Sales, observed the appellant walk onto his auto lot. The owner went out to assist the prospective customer, but to his dismay the appellant drove off with a car. Mr. Lyra jumped into a truck, and pursued Dungan. Dungan parked and abandoned the stolen car about two blocks from the auto lot. Mr. Lyra continued to drive around the block and a short while later observed Dungan walking and stopped him. He held Dungan by the arm and called the police from a neighbor's phone. The police arrived and arrested the appellant. At trial Mr. Lyra's wife identified Dungan as the person who asked her earlier that day if he could test drive the car.

The sole issue before this Court is whether the State committed reversible error when questioning the arresting officer about Dungan's post-arrest silence subsequent to *Miranda* warnings. The prosecutor questioned the police officer as follows:

BY DISTRICT ATTORNEY:

Q. Now, then, did you read him his rights?

A. Yes, sir.

Q. And was that Miranda card?

A. Yes, sir.

Q. Did he acknowledge those rights?

A. Yes, sir, he did.

Q. Did he wish to speak to you at that time?

A. No, sir. He stated he did not.

In *Doyle v. Ohio,* 426 U.S. 610, 620, 96 S.Ct. 2240, 2245, 48 L.Ed.2d 91 (1976), the Supreme Court held that "the use for impeachment purposes of petitioner's silence at the time of the arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment." In this case, the questions propounded in regard to the appellant's post-arrest silence were not used for impeachment purposes. The evidence of Dungan's post-arrest silence was introduced during the *State's case-in-chief.* (Emphasis added). The evidence was totally irrelevant to any issues in the case. Since the questions were of no probative value, their sole effect was to prejudice the appellant, Dungan. See *United States v. Hale,* 422 U.S. 171, 178, 95 S.Ct. 2133, 2137, 45 L.Ed.2d 99 (1975).

The substantive issue, however, is whether the appellant waived the prosecutor's impropriety by failing to object to the comment on his post-arrest silence.

█ This Court recently addressed this issue in *Harris v. State,* 645 P.2d 1036 (Okl. Cr.1982). In *Harris* we articulated that where the State improperly comments on the accused's post arrest silence the error is deemed waived absent an objection unless it rises to the level of fundamental error. The determination as to whether the comment on the defendant's exercise of his right to remain silent rises to fundamental error depends on the particular facts and circumstances of each case. See also *Boomershine v. State,* 634 P.2d 1318 (Okl.Cr. 1981); and *Runnels v. State,* 562 P.2d 932 (Okl.Cr.1977).

█ In this case, after an examination of the entire record we find that the prosecutor's comment constitutes fundamental error. We reach this conclusion because of the lack of probative value of the evidence in question and due to its extreme prejudi-

cial consequences. Furthermore, due to the highly circumstantial nature of the State's evidence in regard to the appellant's intent to deprive the owner of the vehicle, we are unable to say that the comment on Dungan's post arrest silence was harmless beyond a reasonable doubt. Therefore, we REVERSE the appellant's judgment and sentence.

BRETT, P. J., concurs.

BUSSEY, J., dissents.