Donald Ray LITTLEJOHN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–352.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1986.

As Corrected Jan. 9, 1986.

Cindy Campbell Foley, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Judge:

Donald Ray Littlejohn was sentenced by the Honorable Raymond Naifeh, in the District Court of Oklahoma County, to twenty years' imprisonment for the crime of Burglary in the First Degree, After Former Conviction of a Felony, in violation of 21 O.S.1981, §§ 1431 and 51 in Case No. CRF–82–4543. The trial was before a jury, which found Littlejohn guilty of Burglary After a Former Conviction but declined to set a term of years. On appeal, we reverse.

On the evening of September 11, 1981, Helen Pierce's home was burglarized. Mrs. Pierce and Dolores Douglas, a houseguest that evening, retired at 9:30 p.m. after locking up the house. Mrs. Douglas,

asleep on the couch in the living room, was awakened at 10:00 p.m. by the light coming through the kitchen window from a backyard spotlight. She saw a man wearing a baseball cap standing in the dining room. She crawled to Mrs. Pierce's bedroom where the women called Mr. Douglas. When the two women went to investigate, they saw no one in the house, but the front door was slightly ajar. The women turned on the porch light and waited for Mr. Douglas.

Mr. Douglas and his daughter Cynthia drove the five minute distance to the Pierce residence. While Mr. Douglas was at the door, Cynthia saw a man walk from between Mrs. Pierce's house and the house next door. She yelled to her father. The man looked at them and walked on westwardly. Both Cynthia and her father identified the appellant as the man they had seen that night wearing jeans, a black T-shirt and a "Coors" cap.

After Cynthia went in the Pierce home, Mr. Douglas drove after the man and soon saw someone duck behind a car a few houses down. He returned his car to the Pierce house and began to walk back down the street. Mr. Douglas apprehended the appellant a few houses down behind a car parked in front of a house belonging to the appellant's uncle. The appellant told Douglas he was in the area to burglarize a car.

Douglas took the appellant back to the Pierce home. The police were summoned. The police advised the appellant of his *Miranda* rights and attempted to question him. Meanwhile, another officer returned to the car where Douglas had apprehended the appellant. The officer found a "Slim-jim" on the ground by the car.

The next morning at jail, the appellant was interrogated again by a different officer. He claimed he was in the neighborhood to steal a car stereo and denied breaking into the Pierce home.

■ The appellant complains that comments made regarding his refusal to give up his right to remain silent prejudiced him

at trial. The first comment came about innocently. In camera, Officer Clark testified that after he administered *Miranda* warnings upon arresting the appellant, he requested the appellant's name and address, which the appellant provided. Clark then asked what he was doing in the area, and the appellant replied he was just out "walking".

When the jury returned, however, Officer Clark testified that following the *Miranda* warnings the appellant was asked if he wanted to make a statement "and he stated no, he did not". Before ruling on defense counsel's motion for mistrial the court allowed the prosecutor to continue direct examination.

Q. Did the Defendant actually make a statement or talk with you at the time you advised him of his *Miranda* Rights?

A. No, sir, he simply just made an inaudible sound. I took it at that time that he did not wish to say anything right then. (Tr. 183).

The same question, in slightly different form, was repeated a moment later with virtually the same answer. The court subsequently overruled the motion for mistrial and refused to admonish the jury.

The prosecutor later reopened the line of questioning as to a conversation in the police car on the way to the jail.

Q. But you didn't ask him pointedly about the break in or the alleged break in of Mrs. Pierce's house?

A. I did.

Q. Pardon?

A. I did.

Q. On the way downtown?

A. Yes.

Q. What did he tell you?

A. He said nothing.

Q. Just did not respond?

A. Did not respond. (Tr. 200).

The defense again objected and moved for a mistrial. A discussion at the bench reveals that all parties knew they were "on

dangerous ground" because the defendant never made a statement to Officer Clark.

THE COURT: Did he ever make a statement to this officer?

MR. ALBERT: He never made a statement concerning the burglary to this officer, I don't believe.

THE COURT: Okay, we're on dangerous grounds.

MR. ALBERT: I know, we're treading on very thin wire at this point.

THE COURT: Why are you doing it?

MR. ALBERT: Well, Judge, we had an in camera hearing, and this came as somewhat—I was somewhat surprised by the answers originally by the officer here in open court about that he made some innocuous statement, and that they put him in the police car. I was under the impression that the Defendant had waived his right to remain silent, and had agreed to talk to the officer. So that answer somewhat surprised me. And at that point we were into it, and I'm trying now to salvage it.

THE COURT: You can't salvage it; you're going deeper and deeper. You have dug yourself into a hole, and now you have even emphasized that he is not answering to the *Miranda* Warning, make any statement at all.

MR. ALBERT: All right, I have no further questions of this witness. (Tr. 201).

Nevertheless, the court again denied the motion for a mistrial.

Appellant cites *Dungan v. State*, 651 P.2d 1064 (Okl.Cr.1982) for the assertion that this case should be reversed because of the comments. In *Dungan* the only question asked was, "Did he wish to speak to you at that time?" The witness answered, "No, sir. He stated he did not." *Id.* at 1065. This Court found that the question and answer constituted reversible error, even though there was no contemporaneous objection. The Court noted the "lack of probative value of the evidence in question" and "its extreme prejudicial consequences." Due to the highly circumstantial nature of the prosecutor's evidence in regard to intent, the Court was unable to

determine beyond a reasonable doubt that the comment was harmless. Notwithstanding *Dungan*, had the evidence been strong and had the prosecutor stopped after the first question, it might have constituted harmless error. *See Kreijanovsky v. State*, 706 P.2d 541 (Okl.Cr.1985).

In the present case the questioning was much more extensive than in *Dungan*, and therefore much more emphasis was drawn to appellant's silence. The whole case against the appellant in this case was circumstantial. Thus, we agree that on the basis of *Dungan*, this case must be reversed for a new trial.

We have examined the remaining assignments of error and find only one to have merit. The jury was told by several witnesses of appellant's explanation that he was in the neighborhood to burglarize only a car. Appellant contends this constituted evidence of other crimes and complains that the procedures mandated by *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979) were not followed. The State argues no notice was required.

■ We need not address this portion of the argument as we conclude the evidence was improperly admitted in any event. The appellant's presence in the neighborhood to burglarize a car does not tend to make the appellant's guilt of burglarizing the Pierce home more probable or less probable. The evidence is therefore irrelevant under 12 O.S.1981, § 2401, and inadmissible under 12 O.S.1981, § 2402. Even had the evidence had probative value its highly prejudicial nature would have caused it to be excluded under 12 O.S.1981, § 2403.

■ This evidence was the subject of a motion in limine but was not met with objection at the time of introduction. Thus the error was not preserved. *See Teegarden v. State*, 563 P.2d 660 (Okl.Cr.1977). On retrial, however, the evidence, if objected to, should be excluded.

REVERSED and REMANDED for new trial.

PARKS, P.J., concurs.

BUSSEY, J., concurs in result.