**Gary Allen FORD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–655.**

Court of Criminal Appeals of Oklahoma.

May 20, 1986.

As Corrected June 10, 1986.

---

Mark Barrett, Special Counsel, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Gary Allen Ford was tried by jury for the crime of Murder in the First Degree, in violation of 21 O.S.1981, § 701.7, in Case No. CRF–82–2287, in the District Court of Tulsa County. The jury returned a guity verdict of first-degree manslaughter and set punishment at fifty years' imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict.

On the morning of June 27, 1982, the appellant went to visit his estranged wife, Judith Ford, who was staying with friends. He had gone to see his wife to discuss their relationship. Later that day the appellant returned to the residence, but just pulled up and honked for his wife to come out and see him. The victim, William Patrick Pickard, who was also staying at the house, told Judith Ford that her husband was out front and asked if she wanted to talk with him. She told him she did not wish to talk to him, so he responded he would take care of it. Apparently, the appellant and the victim had been good friends in the past, but the appellant testified that he was afraid of the victim, and that the victim also had a reputation for being violent. The appellant testified that the victim came running out of the house pointing a gun at him, and that he shot in self-defense. Two persons testified, however, that they saw the victim carrying no weapon of any sort.

The appellant complains that comments made regarding his refusal to give up his right to remain silent prejudiced him at trial. The State argues that the appellant had not in fact remained silent but rather had voluntarily spoken.

Officer Don Baker was the first police officer to arrive at the scene. Officer Baker, having no knowledge of the situation made a general inquiry of what had happened. Even though the question was not addressed to anyone in particular, the appellant responded, "I killed him. The gun's in my car beside you." The appellant was then handcuffed and taken into custody.

The appellant requested to be taken to the hospital where he refused medical treatment. In route from the hospital to the police station, the appellant made a statement to Officer Baker. Once they arrived at the police station, the appellant was advised of his Miranda rights for the first time.

■ At trial the appellant testified he told the officer who handcuffed him that the victim had a gun, but he could not positively identify Officer Baker as that officer. The State argues that because appellant did not recognize Officer Baker as the officer who handcuffed him, it opened the door to bring forth the testimony of all the officers connected with the investigation that dealt directly with the appellant to ascertain whether he ever mentioned to them that the victim had a weapon.

■ We find the testimony of the officers following the Miranda warnings improper rebuttal evidence because the appellant specifically testified when he had made the statement concerning self-defense and to which officer. However, we do not find the improper evidence to amount to reversible error. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) and *Littlejohn v. State*, 713 P.2d 22, (Okl.Cr.1986).

■ The appellant further complains he was denied a fair trial due to prosecutorial misconduct. As the prosecutor was cross-examining the appellant it became apparent to the defense attorney that the prosecutor was about to wave the gun in front of the jury and place it in the appellant's hands. Objections being overruled, the prosecutor kept the gun in his grasp and continued questioning the appellant:

Q. I'm holding here State's Exhibit No. 5. You have seen that before, haven't you?

A. Yes.

Q. Is this the gun you went over and got from Joe Holt?

A. I believe so.

Q. Do you want to see it to make sure?

A. No, sir, I don't want to see it again. I don't want anything to do with pistols.

Q. You wanted to see it on the 27th of June though, didn't you?

A. No, sir.

Q. You didn't want to see it, but you went over and got it anyway; is that right?

A. Yes, sir.

The prosecutor later again demanded that the appellant pick up the gun and a defense objection was overruled concerning the prosecutorial directive that the appellant pick up the gun:

Q. Show the jury or how did you grab that pistol?

A. I don't want to touch that gun.

Q. You wanted to touch it on June 27th, didn't you?

A. No, sir, I didn't.

Q. No one made you go over to Joe Holt's house and get it, did they?

A. No, sir.

Q. No one made you go down and buy some shells, did they?

A. No, sir.

Q. No one made you load it, did they?

A. No, sir.

Q. Nobody made you come back over to Kingston, did they?

A. No one made me?

Q. No one forced you to come back over there to the house, did they?

A. No, sir.

Q. Pick up that gun. Show us how you picked it up that day.

MR. TANNER: If the Court please, I'm going to object to the argument of Counsel.

THE COURT: Overruled.

Q. You weren't afraid to pick it up on June 27th. What are you afraid of now?

A. I just don't want nothing to do with pistols, any kind of gun.

Q. You already had gotten two guns and you knew it was against the law for you to have those, didn't you?

In *Weisenbach v. State,* F-82-290 (Okl.Cr. unpublished order) the same prosecutor as in this case engaged in reversible improper conduct, including waving a sawed-off shotgun in the defendant's face. This conduct is not to be condoned. The sentence shall be modified to twenty-five (25) years' imprisonment.

MODIFIED to twenty-five (25) years' imprisonment, for the offense of First Degree Manslaughter.

PARKS, P.J., and BUSSEY, J., specially concur.

PARKS, Presiding Judge, specially concurring:

I agree with my brother, Judge Brett that the sentence herein should be modified. I point out that, normally, unpublished opinions do not constitute precedent. I am confident that Judge Brett's opinion does not mark a departure from this principle, but that *Weisenbach v. State,* was cited only to reiterate to the prosecutor that we have previously found his conduct to be improper.

BUSSEY, Judge, specially concurring:

Finding no error warranting reversal or modification, I would affirm the judgment and sentence.