**Kenneth Gilbert GARCIA, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–439.**

Court of Criminal Appeals of Oklahoma.

March 16, 1987.

Mark H. Barrett, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., John O. Walton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Kenneth Gilbert Garcia, was convicted in the District Court of Kay County, Case No. CRF-82-201, of Falsely Conveying a Bomb Threat After Former Conviction of Two or More Felonies and of Carrying a Firearm After Former Conviction of a Felony. The appellant was sentenced respectively to seventy-five (75) years imprisonment and ten (10) years imprisonment to be served concurrently. We affirm.

Sometime after midnight on July 30, 1982, the Ponca City, Oklahoma, Police Department received information from the Aurora, Colorado, Police Department con-

cerning a possible robbery attempt. As a result of the call, the Ponca City police established a surveillance of a local shopping center and ordered the installation of telephone number tracing devices at three local banks.

At approximately 3:00 to 3:30 a.m. on the same day, the appellant and three female companions arrived in Ponca City after driving over from Denver, Colorado. The group stopped for breakfast at a Kettle Restaurant. During breakfast, the appellant indicated to his companions that he was looking for a way to get money and needed a diversion.

After finishing breakfast, the appellant and his companions drove around the city. During that time, the group was observed by the police behaving suspiciously at the shopping center which had been placed under surveillance. A little before 10:00 a.m., the appellant and his companions returned to the Kettle Restaurant and the appellant went inside for four or five minutes. The group then drove back to the shopping center and were again observed by the police.

During this same period of time, an executive at one of the three monitored banks received a telephone call and a male voice said, "I want you to listen and listen well. I placed a bomb in your bank. I want $50,000 in unmarked bills. I will call you back in five minutes and tell you where the drop will be. Do not call the police or anybody else." Following the call, the executive ordered the bank evacuated and called the police. No bomb was found.

A computer printout of the tracing device on the bank's telephones later revealed that at 9:55 a.m., on July 30, 1982, a call was placed to the bank from telephone number 765–9137. That number was assigned to a public telephone at the Kettle Restaurant.

Having been informed of the robbery plan and after observing the group's suspicious behavior, the police arrested the appellant and his companions at the shopping center. During an ensuing search, a gun was found inside appellant's vehicle.

Following the search, the appellant and his companions were transported to the police station and the appellant was placed in the booking cell for twenty to forty minutes. The appellant was then removed from the cell and another search of his person was initiated. While one officer was conducting the search, an agent of the OSBI noticed the butt of a gun protruding from the appellant's waistband. The agent reached out and grabbed the gun. The officer conducting the search testified that he saw the gun just before the agent removed it.

The officer conducting the search also testified that he found a piece of paper in appellant's pocket on which several telephone numbers had been written. One of the numbers was that of the bank.

## I.

Appellant's first four assignments of error are all interrelated. Appellant contends that: 1) the evidence produced at trial was insufficient to establish a violation of the bomb threat statute because the State failed to show an attempt to harm or intimidate anyone or to damage property; 2) both the language of the statute and the trial court's instructions impermissibly discharged the State from the burden of proving this attempt element of the offense; 3) the information was fatally defective because it failed to allege the attempt element; and, 4) both the statute and the trial court's instructions are impermissibly vague in relation to the purported element of "attempt or alleged attempt." We disagree.

Appellant's complaints are based on a faulty interpretation of the language of the bomb threat statute. Title 21 O.S. 1981, § 1767.1(A)(7), provides as follows:

Any person who uses the telephone or other instrument to willfully make any threat or maliciously convey information known to be false, concerning an attempt or alleged attempt to kill, injure or intimidate any person or unlawfully damage any real or personal property by means of an explosive, including an incendiary device, shall be guilty of a felony.

■ Under the provisions of the statute, it is not necessary for the State to show an attempt or alleged attempt to harm or intimidate a person or to damage property, because such an attempt is not an element of the crime. The gravamen of the offense is the making of a bomb threat by telephone or other instrument. The statute prohibits the transmission of information *concerning* an attempt or alleged attempt to harm or intimidate a person or damage property be means of a bomb. Making a bomb threat by telephone in order to divert attention from a planned robbery constitutes a violation of the statute. Therefore: 1) the evidence produced at trial was sufficient to show a violation of the terms of the statute; 2) the trial court's instruction met the accuracy test of *Lane v. State,* 572 P.2d 991 (Okl.Cr.1977); 3) the information meets the test of sufficiency discussed in *Jones v. State,* 94 Okl.Cr. 15, 229 P.2d 613 (1951); and, 4) the statute and instructions were not impermissibly vague. Appellant's first four assignments of error are without merit.

## II.

Appellant contends in his fifth assignment of error that the trial court's instructions, on the charge of carrying a firearm after former conviction of a felony, were inadequate because they permitted the jury to convict the appellant based on the presence of a gun which was found in the appellant's vehicle. We disagree.

Appellant was charged with possession of the gun which was found on his person. During discussion of the trial court's proposed instructions, the appellant's counsel objected to the firearm instruction because it contained certain language from the statute upon which it was based. The statute makes it a crime for a convicted felon to have a prohibited firearm in his possession or under his immediate control, or in any vehicle which he is operating or in which he is riding as a passenger. 21 O.S. 1981, § 1283. Because there had been testimony at trial about the discovery of a second gun in the appellant's vehicle, the appellant's counsel was concerned that the jury might be confused and convict the appellant for possession of the wrong gun. Both the trial judge and the district attorney agreed that the instruction might be confusing. The appellant's counsel requested an instruction limited to "possessing on his person," but the judge agreed with the district attorney that "possessing or under one's immediate control" was appropriate language.

■ While it might have been preferable for the trial judge to have been more specific as to the gun required for conviction, we cannot say, in the context of this case, that the failure to do so was prejudicial error. The appellant was charged with possessing on his person a gun with a specific serial number. The information alleging this personal possession and listing the serial number of the requisite gun was read to the jury immediately following the reading of the trial court's instruction number one. While the reading of the information was not part of the instructions, it was closely connected and put the jury on notice as to which gun was at issue. In addition, the great bulk of the gun evidence centered on the station house search of the appellant. While there were references to the gun in the vehicle, they were not emphasized. Finally, the evidence clearly established that the appellant was arrested while standing outside of the vehicle in which the gun was discovered. Since the instruction had been altered to require "possessing or having under one's immediate control," the jury could not have reasonably interpreted it as applying to a gun found in a vehicle which was not under the appellant's immediate control. If appellant wanted a particular definition of immediate control, he should have so requested.

■ On appeal, instructions will be deemed sufficient if, as a whole, they correctly and fairly state the applicable law. *Maghe v. State,* 620 P.2d 433 (Okl.Cr.1980). Since the instructions did fairly and accurately state the applicable law, this Court will not speculate on the possibility that the jury went beyond the instructions when they found the appellant guilty on the gun

charge. This assignment of error is, therefore, without merit.

## III.

■ Appellant's sixth assignment of error alleges that the State engaged in prosecutorial misconduct by making a number of improper comments during closing argument. We note, however, that appellant only objected to one of the remarks. Failure to object limits review to fundamental error. *Burrows v. State*, 640 P.2d 533 (Okl.Cr.1982).

■ The comment to which the appellant did object was as follows:

The facts of the matter are that despite all the attempts of the defense for a day and a half to divert your attention from this case, from the elements of this case, or what's important, one situation remains unchallenged: the defendant is charged in Count I, falsely conveying a bomb threat; and Count II, feloniously carrying a firearm; and has totally failed to controvert those charges.

Appellant contends that this comment accused defense counsel of trying to mislead the jury, attacked defense counsel's integrity, constituted a comment on appellant's failure to testify, and mislead the jury as to the State's burden of proof. While we do not completely agree with appellant's characterization, we do agree that the comment was improper. *See Lime v. State.*

We are of the opinion, however, that the prosecutor's comment was not as directly offensive as the language in *Babek* and *Lime* and that there was an abundance of competent evidence upon which the jury could have based their verdict. Therefore, we cannot say that the appellant has shown sufficient prejudice to justify a modification of sentence.

## IV.

In his seventh assignment of error, the appellant complains about the admission of evidence indicating that he made the bomb threat as a diversion for a planned robbery. The appellant asserts that the evidence was not necessary for the State to meet its burden of proof and that any probative value was vastly outweighed by its prejudicial effect. Again, we disagree.

Evidence of the intended robbery was clearly admissible under 12 O.S. 1981, § 2404(B), which reads:

Evidence of other crimes or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of *motive*, opportunity, intent, preparation, *plan*, knowledge, identity or absence of mistake or accident. [Emphasis added.]

■ Because the false bomb threat was a part of the plan to commit a robbery and the intended robbery was the motive for making the false bomb threat, evidence of the intention to commit a robbery was properly admitted at trial. This assignment of error is without merit.

## V.

Appellant contends in his eighth assignment of error that the trial court committed reversible error by failing to instruct the jury that they could not consider, substantively, the contents of a defense witness' prior inconsistent statements. In this instance, however, there were no inconsistent statements to consider.

■ The issue arose when the prosecution attempted to impeach the defense witness by asking if she had previously made certain statements which were inconsistent with her testimony at trial. The witness denied making the statements and they were not introduced into evidence. At the close of the guilt phase of the trial, the court properly instructed the jury that, "[e]vidence is the testimony received from witnesses under oath, stipulations made by the attorneys, and the exhibits admitted into evidence during trial." Since the questions of the prosecutor are not evidence, there were no prior inconsistent statements for the jury to consider. Therefore, it was not error for the trial judge to fail to instruct on the use of such statements. This assignment of error is without merit.

## VI.

■ The appellant's ninth and tenth assignments of error are related. In his ninth assignment, appellant contends that the trial judge committed error requiring modification when he failed to prohibit the State from using certain interrelated prior convictions to show that the appellant had committed two prior felonies within the meaning of the habitual offender statute. Title 21 O.S. 1981, § 51(B). *See Miller v. State,* 675 P.2d 453, 455 (Okl.Cr.1984). In his tenth assignment, appellant contends that the trial court failed to give the jury, through proper instructions and verdict forms, the option of finding that the appellant had incurred only one previous felony conviction. *See Hanson v. State,* 716 P.2d 688, 690 (Okl.Cr.1986) (Parks, P.J., specially concurring).

Although it is the opinion of the author that the appellant's claims warrant a modification of his sentence, my colleagues take the position that a defendant must object to improper evidence of former convictions and to the lack of instructions and verdict forms. It is therefore necessary that the sentences be served as ordered by the trial court.

## VII.

Finally, the appellant's eleventh assignment of error challenges the sufficiency of the evidence used by the prosecution to prove that he had suffered two or more prior felony convictions. *See* 21 O.S. 1981, § 51(B). The record shows that the State introduced certified copies of abstracts of judgement and sentence from the Colorado courts. Appellant now contends that the evidence showed only a similarity of names and therefore did not prove beyond a reasonable doubt that he had incurred the convictions in question. We disagree.

In *Williams v. State,* 364 P.2d 702, 703 (Okl.Cr.1961), this Court wrote:

In regard to proof of former conviction under the Habitual Criminal Act, 21 O.S. (1951) § 51, the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity. This will leave the question of identity to be determined by the jury, after a proper instruction has been given, upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission.

*Accord Tucker v. State,* 620 P.2d 1314 (Okl.Cr.1980); *see also Gravatt v. United States,* 260 F.2d 498 (10th Cir.1958).

■ *Williams* indicates that the jury must consider all the "facts and circumstances" other than a mere similarity of names for the jury to consider in reaching their decision. Identity of common names alone, for example, is not sufficient for conviction. *Smith v. State,* 695 P.2d 1360 (Okl.Cr.1985); and *Brown v. State,* 578 P.2d 364 (Okl.Cr.1978). The other facts and circumstances, however, may be simply that the defendant has a somewhat unusual name. *Louder v. State,* 568 P.2d 344 (Okl.Cr.1977). In this case, there were other facts and circumstances for the jury to consider. Therefore, the appellant's allegation of error is without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.