**Jim Earl WEST, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–341.**

Court of Criminal Appeals of Oklahoma.

Aug. 10, 1988.

Rehearing Denied Dec. 13, 1988.

Donald M. Bingham, Chapel, Wilkinson, Riggs, Abney & Henson, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Dist. Atty., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Jim Earl West, was tried by jury for the crime of Arson in the Second Degree in violation of 21 O.S.1981, § 1402 in Case No. CRF–84–41 in the District Court of Pottawatomie County. The jury returned a verdict of guilty and set punishment at twenty thousand dollars ($20,-000.00). He was sentenced accordingly. From this judgment and sentence, appellant appeals.

Although appellant sets forth six assignments of error, we need only address the first to decide this case. In his first assignment, appellant contends that he was denied a fair trial because of numerous instances of prosecutorial misconduct. We agree.

■ Appellant concedes that he failed to make any objections to the improper prosecutorial comments at trial. However, this Court can review these allegations of error if they are fundamental. *Garcia v. State,* 734 P.2d 820 (Okl.Cr.1987). Errors which go to the foundation of the case or which take from the defendant a right essential

to his defense are fundamental. *Tucker v. State,* 675 P.2d 459 (Okl.Cr.1984).

█ Upon review of the record we have found that cumulatively the prosecutor's improper comments constitute fundamental error. Several of the prosecutor's remarks were found to be particularly egregious. In his closing argument, the prosecutor indirectly referred to appellant as a liar:

> This is the work of a very desperate man. A man that's willing to lie to the twelve of you in order to save his own hide. That's what you have before you. A man that would lie to a jury under oath.... (Tr. 653)

This Court has found in cases where similar inferences were made that such language went beyond the bounds of proper argument. *Cobbs v. State,* 629 P.2d 368 (Okl.Cr.1981).

Additionally, our review of the record has revealed that the prosecutor used language which improperly played on societal alarm:

> You need to look at the evidence and you need to decide that Jim West isn't going to fool anybody. Particularly not the people of this community. And that you're not going to stand for a man who wants to burn houses, possibly injure and kill firemen and his neighbors.... (Tr. 663)

This conduct has also been condemned by this Court as reprehensible. *Cobbs,* 629 P.2d at 369.

We have also found that the prosecutor improperly commented on appellant's refusal to continue talking to the police after they started questioning him. Detective Moody from the Shawnee Police Department testified at trial that he had attempted to interview appellant. He said that he advised appellant of his *Miranda* rights and proceeded to question him until appellant became defensive and terminated the interview. (Tr. 337, 341) In his closing argument, the prosecutor referred to this testimony, stating:

> His words, then, could be used against him and that's when Jim West started giving the officer trouble and not answering his questions and the officer just

said fine, forget it. That's Mr. Cooperative Jim West....

(Tr. 660)

This Court has held that comments on a defendant's exercise of his right to remain silent after he has received his *Miranda* warnings may be prejudicial to the extent that they constitute fundamental error. *Dungan v. State,* 651 P.2d 1064 (Okl.Cr. 1982). The court in *Dungan* also held that whether these comments rise to the level of fundamental error depends on the particular facts and circumstances of each case. *See also Kreijanovsky v. State,* 706 P.2d 541 (Okl.Cr.1985).

Upon reviewing all of the improper comments made by the prosecutor in this case, we have determined that there was fundamental error which went to the foundation of the case. The fact that the jury had difficulty coming to a verdict and that the judge was compelled to give the *Allen* instruction indicates that the jury may well have been influenced by the improper and inflammatory comments. For these reasons, the judgment and sentence is REVERSED and REMANDED for a new trial.

PARKS, J., concurs.

BUSSEY, J., files dissenting opinion.

BUSSEY, Judge, dissenting:

While I agree that several of the prosecutor's comments were improper, I must dissent to the reversal of this case in light of defense counsel's failure to object to the remarks and the absence of fundamental error.