**A.C. CLARK, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–800.**

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1988.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, A.C. Clark, was tried and convicted in the District Court of Comanche County Case No. CRF–85–461, of the crime of Robbery With a Firearm in violation of 21 O.S.1981, § 801. He was sentenced to five (5) years' imprisonment, and appeals.

On the evening of November 22, 1985, a serviceman stationed at Fort Sill, Thomas Bordelon, took a taxicab to a bar in nearby Lawton. As he got out of the cab, he was approached by a tall man in a red jacket and asked if he wanted to buy any marijuana. When Bordelon answered "no", the man in the red jacket grabbed him, held a gun in his side and forced him across the street to a more dimly lit area where he was robbed of his possessions. After receiving the valuables, the robber ran off. Bordelon called the police and gave a full descripton of the robber. The next morning he picked the appellant's picture out of a mugbook, identifying the picture as being a photograph of his assailant.

Based on the description and identification of his picture, the appellant was arrested on November 24, 1985. The appellant was again identified out of a lineup the following day. At trial, the State's witnesses consisted of the arresting officer, Bordelon, and the detective in charge of the investigation. The witnesses for the defense were the officer who first responded to the call and the appellant himself.

As his sole proposition of error, the appellant argues that reversible error occurred when, during the State's case-in-chief, reference was made to the appellant's exercise of his Fifth Amendment right to remain silent. While we agree fully with the general rule presented by the appellant, we disagree with the conclusion he reaches on the facts of this case.

This Court has repeatedly voiced its disapproval of the prosecutorial tactic of discrediting defendant's by making reference to the exercise of their *Miranda* rights. *See Dungan v. State*, 651 P.2d 1064 (Okl. Cr.1982); *Boomershine v. State*, 634 P.2d 1318 (Okl.Cr.1981). However, because the prosecutor's impropriety in this case does not constitute fundamental error within the rule from *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), we will look to all of the "particular facts and circumstances of the case." *Dungan supra,* at 1065.

Five witnesses testified: the victim and two police officers for the State; the appellant and one police officer (briefly) for the defense. No money was recovered, nor was the holdup weapon ever discovered. The victim of the robbery picked the appellant's photograph out of a mug-book as well as identifying him at a lineup. When arrested, the appellant was wearing the same jacket that Bordelon positively identified as the one worn by the armed robber. The appellant did not deny seeing, and being with Bordelon, but only denied any robbery. The appellant's account is that he was approached by Bordelon and asked to supply drugs. He further alleges that he acted as a tour guide for Bordelon, showing him the clubs where he could meet women.

While the evidence of the appellant's guilt in this case is not as overwhelming as in *Kreijanovsky v. State*, 706 P.2d 541 (Okl.Cr.1985), we are still not convinced that the trial court's error in failing to sustain the appellant's objection to the prosecutor's impropriety rises to the level in *Dungan, supra.* Considering all the facts and circumstances of this case, we conclude that although it was error to allow this line of inquiry to be heard by the jury, this error was harmless beyond a reasonable doubt. *See Harris v. State*, 645 P.2d 1036 (Okl.Cr.1982).

Accordingly, the judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., concurs in results.