**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMARRO L. WRIGHT,

      Petitioner-Appellant,

v.

JUSTIN JONES, DIRECTOR OF THE
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

      Respondent-Appellee.

No. 09-5128

(D.C. No. 06-cv-00542-JHP-FHM)
(N. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

      Jamarro Lamon Wright, an Oklahoma state prisoner appearing *pro se*, seeks

a certificate of appealability ("COA") in order to challenge the district court's

denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

For the reasons stated below, we DENY Wright's request and DISMISS this

matter.

---

     [*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

# I

Late in the evening of October 23, 2002, three masked men kicked in the front door of Jean Ann Wintle's home in Tulsa, Oklahoma. Wintle and her boyfriend, David Johnson, were inside the home watching television at the time. The masked men proceeded to place duct tape over Wintle's and Johnson's eyes and mouths and bind Wintle's and Johnson's hands and feet with duct tape. Wintle was then knocked unconscious by a blow to the head and Johnson was also hit in the head and stabbed in the arm. The masked men then ransacked Wintle's home, taking Wintle's purse, Johnson's wallet containing $1,500 and additional cash.

After the masked men fled, Johnson was able to crawl to the kitchen, find a knife, free himself from his bindings, and call 911. Some time later, Tulsa police officers began pursuing a car they observed traveling at a high rate of speed. After a two and one-half mile chase at speeds approximating 100 m.p.h., the assailants' car was unable to negotiate a turn and crashed into a home. The pursuing officers then observed three individuals get out of the vehicle and flee. All three were subsequently apprehended and were identified as Christopher Driver, Jermaine Wright and Jamarro Wright. Officers then recovered several items from the vehicle including: (1) black ski masks; (2) at least one handgun; (3) Wintle's purse; (4) Johnson's wallet; (5) a baggie containing crack cocaine; and (6) Jermaine Wright's driver's license.

As a result of these events, Jamarro Wright was tried in Tulsa County

District Court and convicted by a jury of Robbery with Firearms, and Possession

of a Firearm After Former Felony Conviction in violation of Okla. Stat. tit. 21, §§

801 and 1283, respectively. The jury recommended a sentence of seventy years

imprisonment and a $10,000 fine for the robbery conviction and a sentence of ten

years imprisonment for the firearm possession conviction. The trial judge

sentenced Wright in accordance with the jury's recommendation and ordered that

the terms of imprisonment be served consecutively.

Wright then raised four issues on direct appeal to the Oklahoma Court of

Criminal Appeals ("OCCA"). Specifically, Wright alleged: (1) the trial court

erroneously failed to exclude a potential juror for cause, forcing Wright to use a

peremptory challenge which would have otherwise been used to remove another

undesirable juror who was empaneled; (2) the prosecutor improperly commented

on Wright's invocation of his right to remain silent; (3) the prosecutor's reference

to societal alarm deprived Wright of a fair trial and resulted in the imposition of

excessive sentences; and (4) the evidence was insufficient to support his

convictions. In an opinion filed on July 15, 2005, the OCCA found no merit in

Wright's claims and affirmed the judgments and sentences of the trial court. See

Wright v. Oklahoma, No. F-2003-1339 (Okla. Ct. Crim. App. July 15, 2005)

("Wright I").

On October 3, 2006, Wright filed a petition for federal habeas corpus relief

-3-

pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Oklahoma. In his petition, Wright alleged the following four grounds for relief: (1) the trial court's failure to exclude a potential juror violated his Sixth and Fourteenth Amendment right to a fair trial by an impartial jury; (2) the prosecutor's comments regarding his silence violated his Fifth Amendment right to remain silent and Fourteenth Amendment right to Due Process; (3) the prosecutor's reference to societal alarm violated his Sixth and Fourteenth Amendment right to a fair trial; and (4) the insufficiency of the evidence led to his conviction in violation of Sixth and Fourteenth Amendments. The district court denied Wright's petition in a thorough, written order entered on August 20, 2009. See Wright v. Jones, No. 06-CV-542-JHP-FHM (N.D. Okla. Aug. 20, 2009) ("Wright II"). Wright now seeks a certificate of appealability in order to challenge the conclusions of the district court.

## II

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), if a claim has been adjudicated on the merits in state court, a petitioner is entitled to § 2254 habeas relief only if he can establish that the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable

-4-

determination of the facts in light of the evidence presented at the state court proceeding.

28 U.S.C. § 2254(d). Thus, because the OCCA addressed Wright's claims on their merits, the district court applied these provisions of the AEDPA in denying Wright's petition for habeas relief.

Wright seeks to appeal the district court's denial of habeas relief by requesting a COA. See 28 U.S.C. § 2253(c)(1). A COA may be issued "only if [Wright] has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). And in order for Wright to make such a showing, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, our task is to determine whether, with respect to each of Wright's claims, reasonable jurists could debate the district court's determination that the OCCA's adjudication of that claim was not contrary to established federal law or an unreasonable determination of the facts.

**Trial Court's Failure to Excuse Juror For Cause**

In his first proposition of error, Wright contends that the trial court's failure to exclude a potential juror for cause—a police officer from the City of Glenpool, Oklahoma—violated his Sixth and Fourteenth Amendment right to a fair trial by an impartial jury. Specifically, Wright alleges that because he was forced to use a peremptory challenge to strike the potential juror, he was unable

to strike another unfavorable juror who was eventually empaneled and thus, he was denied a trial by an impartial jury.

On direct appeal, the OCCA rejected this claim citing Matthews v. State, 45 P.3d 907, 915 (Okla. Crim. App. 2002) and finding that "[Wright] failed to establish prejudice by showing he was forced, over objection, to accept an unacceptable juror." Wright I at 2. On habeas review, the district court cited Ross v. Oklahoma, 487 U.S. 81, 88 (1988) ("So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated.") and concluded that because Wright has never suggested that any of the jurors who were empaneled were not impartial, the OCCA's determination was not contrary to clearly established federal law. See Wright II at 5-6. As reasonable jurists would not debate the district court's conclusion, this claim does not provide Wright with an adequate basis for the granting of a COA.

**Prosecutorial Comments Regarding Silence**

In his second proposition of error, Wright contends that the prosecutor's comments regarding his invocation of his right to silence violated his Fifth Amendment right to remain silent and Fourteenth Amendment right to Due Process. Specifically, Wright objects to the following portion of the prosecutor's direct examination of Detective Stephen St. Clair of the Tulsa police department:

Q: Did you ever have an opportunity to interview any suspects?

A:     I briefly met the suspects, and they did not want to talk to me.

Q:     Okay. Do you recall who they were?

A:     Yes, sir, I do.

Q:     And who were they?

A:     Chris Driver, Jermaine Wright, and Jamarro Wright.

Q:     Okay. Look around the courtroom, and do you see those individuals in the courtroom today?

A:     Yes, sir, I do.

Q:     And can you tell us where they are sitting, and what they are wearing?

A:     It is the three men sitting at the defense table. One is wearing a gray shirt; the other is in a white shirt; the other is in a dark shirt.

Q:     And you are not sure at this time which one of those individuals is which, but are these the three individuals you spoke with that night, or tried to speak to?

A:     It looks like the same guys.

Tr. Trans. Vol. III at 626-27.

On direct appeal, the OCCA cited Simpson v. State, 876 P.2d 690, 695-96 (Okla. Crim. App. 1994) and Dungan v. State, 651 P.2d 1064, 1065 (Okla. Crim. App. 1982), and "[found] no plain error in relation to the prosecutor's comments." Wright I at 2. On habeas review, the district court concluded that the OCCA's adjudication was a reasonable application of federal law citing Brecht v. Abrahamson, 507 U.S. 619, 628-29 (1993), Doyle v. Ohio, 426 U.S.

-7-

610, 611, 619 (1976) and <u>Battenfield v. Gibson</u>, 236 F.3d 1215, 1225 (10th Cir. 2001). <u>See</u> <u>Wright II</u> at 6-8.

In <u>Doyle</u>, the Supreme Court held that a prosecutor may deprive a criminal defendant of his or her right to due process by making improper comments about his or her post-<u>Miranda</u> silence. <u>See</u> 426 U.S. at 611, 619. However, in <u>Battenfield</u>, we noted that in this context "[t]he question is whether the language used by the prosecutor was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the defendant's right to remain silent." 236 F.3d at 1225 (quotation, citation, and alteration in original). And finally in <u>Brecht</u>, the Supreme Court held that any error in permitting a prosecutor to comment on the defendant's right to remain silent is subject only to harmless error review. <u>See</u> 507 U.S. 628-29.

Because the prosecutor's comments in the instant case were not "manifestly intended or [were] of such character that the jury would naturally and necessarily take it to be a comment on the [Wright's] right to remain silent," <u>Battenfield</u>, 236 F.3d at 1225, we conclude that reasonable jurists would not debate the district court's conclusion that the OCCA reasonably applied federal law. As such, this claim does not provide an adequate basis for the granting of a COA to Wright.

**Prosecutor's Invocation of Societal Alarm**

In his third proposition of error, Wright contends that because the prosecutor twice invoked societal alarm during his closing argument, his Sixth

-8-

and Fourteenth Amendment right to a fair trial was violated. The first portion of the prosecutor's closing argument that Wright challenges is a series of comments that the prosecutor made to the jury about its role in society and the purpose of the criminal justice system. See Tr. Trans. Vol. VI at 1217-18. The second portion of the argument that Wright finds objectionable was the prosecutor's statement to the jury, "I ask you - now, I told you during the first closing the question to ask yourself is when do you want to invite [the defendant] back into society?" Id. at 1225. Wright's counsel objected and the trial judge admonished the jury to "avoid any instinct toward being inflamed." Id.

On direct appeal, the OCCA concluded "the error was sufficiently cured by the trial judge's admonition," citing Williams v. State, 22 P.3d 702, 711 (Okla. Crim. App. 2001). Wright I at 2. On habeas review, the district court, guided by Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974), Brecheen v. Reynolds, 41 F.3d 1343, 1356 (10th Cir. 1994), and Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994), concluded that the OCCA's adjudication was reasonable because the prosecutor's comments were not so egregious that they rendered the entire trial fundamentally unfair. Wright II at 9-10.

In Donnelly, the Supreme Court noted that prosecutorial misconduct may serve as the basis for habeas relief only if the prosecutor's conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process. See 416 U.S. at 642-48. In Fero, we instructed courts presented with a claim that

a prosecutor's statements resulted in the denial of due process to "look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." 39 F.3d at 1474 (citation and quotation omitted). And more specifically, in <u>Brecheen</u> we noted that "[w]hile improper appeals to societal alarm and requests for vengeance for the community to set an example are unwarranted, they are also not the type of comments that the Supreme Court has suggested might amount to a due process violation." 41 F.3d at 1356 (citation and quotation omitted).

Given the relatively benign nature of the prosecutor's comments in the instant case, the weight of the evidence presented against Wright, and the trial judge's corrective admonition to the jury, we conclude that reasonable jurists could not debate the district court's conclusion that the OCCA reasonably applied federal law as determined by the Supreme Court. As such, Wright's third claim cannot serve as the basis for the issuance of a COA.

**Sufficiency of the Evidence**

In his final proposition of error, Wright contends that there was insufficient evidence to support his conviction for Robbery with Firearms and thus he was convicted in violation of his Sixth and Fourteenth Amendment rights. Specifically, Wright contends that because the car chase which led to his arrest occurred up to three hours after the robbery, Tulsa police recovered only two guns

and two ski masks from the car, and Wright's brother and sister-in-law provided him with an alibi for much of the time in question, no rational juror could find him guilty because it is clear that his two co-defendants committed the robbery and picked Wright up later.[1]

On direct appeal, the OCCA rejected Wright's insufficiency of the evidence claim, citing Spuehler v. State, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985), and finding "any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt." Wright I at 2. On habeas review, the district court, guided by Jackson v. Virginia, 443 U.S. 307, 319 (1979) and Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003), concluded that Wright "has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court, or an unreasonable determination of the facts." Wright II at 10-14 (internal citation omitted).

In Jackson, the Supreme Court held that when considering the sufficiency of the evidence on habeas review, "the relevant question is whether, after viewing

---

[1]Wright also requests that we consider the sworn affidavits of his co-defendants which he claims were obtained in June 2009, by an Oklahoma attorney his family retained. Because, however, Wright's sufficiency of the evidence claim turns only on whether a rational juror could convict him based on the evidence actually presented, these affidavits are irrelevant to his claim and we will not consider them. Cf. United States v. Orrego-Martinez, 575 F.3d 1, 8 (1st Cir. 2009) ("[R]eview of sufficiency challenges is confined to evidence presented at trial.") (quotation and citation omitted).

the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (emphasis in original). And in <u>Spears</u>, we noted that in the context of § 2254 habeas review, state law provides the substantive elements of the crime applicable to the sufficiency of the evidence standard. <u>See</u> 343 F.3d at 1238-39.

At the time of Wright's conviction, to prove Robbery with Firearms under Oklahoma law, the prosecution had to establish the following elements beyond a reasonable doubt: (1) the wrongful taking; (2) of another's personal property; (3) from that person or in his or her immediate presence; (4) against that person's will; (5) accomplished by force or fear of use of force; and (6) involving a firearm. Okla. Stat. tit. 21, §§ 791, 801. Given these requirements and given evidence adduced at trial—including the testimony of the victims and the items recovered from the vehicle—we conclude that reasonable jurists could not debate the district court's conclusion that the OCCA's adjudication of this claim was a reasonable application of federal law and a reasonable determination of the facts. As such, Wright's insufficiency of the evidence claim cannot serve as the basis for a COA.

**III**

Wright's request for a Certificate of Appealability is DENIED and this matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge